[City of Woodlawn v. Durham.]

# City of Woodlawn *v.* Durham.

*Bill to Declare and Enforce Lien for Street Improvement.*

(Decided June 30, 1909.—50 South. 356.)

1. *Equity; Answer; Mode of Objection to.*—The sufficiency of an answer to a bill in chancery can be tested only by exceptions thereto; it cannot be stricken however defective, nor can demurrer be interposed thereto.

2. *Same; Practice; Setting Down on Bill and Answer.*—A cause in chancery can be set down for hearing without proof under chancery rules 35, 6 and 7.

3. *Municipal Corporations; Street Improvement; Special Assessment; Defenses.*—An owner of property abutting on a street which is improved by the city cannot avoid an assessment against such property for such improvement by showing that the improvement was not done in accordance with the contract; such defense must be raised at the time of the confirmation of the assessment, made at the hearing of which notice was given as required by law.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by the city of Woodlawn against J. A. Durham, to declare and enforce a lien on property abutting a street which has been improved by the city. Decree for respondent and complainant appeals. Reversed and rendered.

KENNEDY & BALLARD, for appellant. No brief came to the Reporter.

POWELL & BLACKBURN, for appellee. No brief came to the Reporter.

MAYFIELD, J.—The sufficiency of an answer to a bill in equity under our law and rules of chancery practice can be tested only by exceptions thereto. However,

defective, it cannot be stricken. A demurrer to an answer in equity is unknown to our chancery practice. Of course a cause in chancery can be set down for hearing on the bill and answer without taking proof.—*May v. Williams,* 17 Ala. 23; *Glasser v. Meyrovitz,* 119 Ala. 152, 24 South. 514; Chancery Rules, 35, 36, and 37 (2 Code 1907, pp. 1538, 1539); Sims, Ala. Ch. Pl. & Pr. § 514. The court, therefore, properly disallowed complainant's demurrer and motion to strike respondent's answer, or portions thereof.

The bill as amended was to declare and enforce a lien in favor of the appellant municipality against certain abutting property of appellee for street and sidewalk improvements made by the municipality in front of the property. The municipality was authorized by its charter to make the improvements and to assess and levy an assessment or betterment tax upon the property in question. The charter provided the mode by which the improvements of the streets and sidewalks should be made, and the manner in which the assessments or betterment taxes should be made and levied upon the abutting property of the owners, and provided for notice, by public posters or by publication in a newspaper, to the owners of the property, to contest the proceedings to assess and levy the assessments and betterment taxes, and provided for appeals from such assessments and levies. The bill averred all the facts necessary to create the lien upon the property and all matters necessary to show the right and remedy to enforce it in equity. In fact, the charter of the municipality and the act of the Legislature confer the right and remedy under the facts set forth in the bill. The facts as averred are substantially proven.

The appellee attempted to avoid the assessment, levy, and liability by denying that the improvement in front

[City of Woodlawn v. Durham.]

of his property was well done, or done in accordance with the specifications or contract between the city and the contractors, and in accordance with the charter and ordinance provisions on the subject, and averring that the work as done was of no benefit to the property, and that he was charged as for other items than the improvements. These questions could not be litigated in this suit. He should have made this defense at the confirmation of the assessments by the municipal board, and if not satisfied with the assessment and levy made by the municipality he should have appealed from that assessment. Then he could have litigated these questions. Notice and publication of the hearings for the assessments and confirmation, having been given as provided by law, and he not having appeared and contested as provided by law, the decree, orders, or judgments of confirmation were binding upon the property owners.

It therefore follows that the decree of the chancellor is erroneous, and the amount of the tax or assessment is made definite and certain, it being, to wit, $102.81, and a decree will be here rendered decreeing that complainant is entitled to the relief prayed in its bill, and that respondent be perpetually enjoined from obstructing the alley, as prayed in the bill. The decree is reversed and rendered.

Reversed and rendered.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.