[Brock v. City of Decatur, et al.]

# Brock *v.* City of Decatur, *et al.*

*Bill to Enjoin Enforcement of Lien for Street Improvement.*

(Decided November 27, 1914.   64 South. 73.)

1. *Municipal Corporations; Street Assessment; Effect; Collateral Attack.*—A special assessment for municipal street improvement under sections 1359-1420, Code 1907, is a final judgment which can be reviewed only by an appeal seasonably taken in compliance with the terms of sections 1389-1399, Code 1907, and cannot be collaterally attacked by a proceeding in chancery on the ground that the assessment is in excess of the benefit.

2. *Same; Review; Chancery Jurisdiction.*—A court of chancery cannot review a special assessment for municipal street improvement made in compliance with section 1359-1420, Code 1907, except on the allegation of a distinct and recognized ground of equitable jurisdiction over judgment at law.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Bill by John L. Brock against the City of Decatur and W. R. Spright and Joseph H. Calvin, contractors, to ascertain and decree the correct amount of benefits or increased value accruing to complainants' real estate by reason of certain improvements carried out by the city of Decatur, and that said amount be declared a lien upon the same, and to enjoin and restrain the city, or its officers or agents, from asserting or attempting to assert, or claim any title or claim whatsoever under and by virtue of any assessment made and levied by the city of Decatur against said property, and for general relief.   From a decree sustaining demurrers to the bill, complainant appeals.   Affirmed.

The bill sets up ordinances adopted by the city, providing for street improvements in the laying of bitulithic pavement and curbing, and the letting of the contract

under the ordinances, and the improvements under color of the contract after long delay, and the assessment by the mayor and board of aldermen, fixing the amount that each piece of property should pay, and a demand by the clerk of the board for the payment of the same, and that said assessments constitute a cloud on the title of orator's property. It is further averred that the improvements were not completed within the time covered by the contract, that the streets were badly torn up, and that orator and his interests were greatly damaged by the long delay in the completion of the streets and the obstructions created thereby. It is further alleged that the assessments made and levied are grossly and greatly in excess of any and all benefits accruing to said property by reason of said improvement, and that the improvement did not constitute more than 50 per cent. of the amount so assessed. The bill then sets out the various assessments of property. The bill avers a willingness and readiness to pay, any just and proper amount which the city is entitled to. The demurrers take the points discussed in the opinion.

E. W. GODBEY, for appellant. The complainant was guilty of no default or laches in failing to appear, and is not concluded thereby.—*Baldwin v. Walker,* 94 Ala. 520; *Froebrich v. Lane,* 106 Am. St. Rep. 634. Equity has relieved against assessment even though there was some sort of remedy by appeal.—48 L. R. A. 51; 31 L. R. A. 213; 67 N. Y. 537; 65 N. Y. 516; Page & Jones on Taxation by Assessment, sec. 134. As to the consent being curative counsel cites *Calhoun v. Fletcher,* 63 Ala. 583; 57 L. R. A. 707; *Birdsong's Case,* 28 South. 522; *City of Woodlawn v. Durham,* 50 South. 356; 48 L. R. A. 851; L. R. A. 213, and authorities supra.

CALLAHAN & HARRIS, for appellee.    The whole matter is conclusively and definitely settled against the contentions of complainant and against the equity of his bill in the following cases.—*City of Woodlawn v. Durham,* 50 South. 356; *City of Birmingham v. Wills,* 59 South. 173; *City of Decatur v. Brock,* 54 South. 209; see, also, 80 Pac. 126; 51 Pac. 1070; 46 N. W. 772; 75 N. E. 989; 76 N. E. 75; 55 L. R. A. 569; Page & Jones, Taxation by Assessment, secs. 927-933.

SOMERVILLE, J.—The only question presented by the appeal is whether a final assessment for a municipal improvement, made under the provisions of the Code 1907, §§ 1359-1420, may be collaterally attacked by a proceeding in chancery on the ground that the assessments (to quote from the bill) "were grossly and greatly in excess of any and all benefits accruing to said property by reason of said improvement known as bitulithic pavement, gutter line and curbing, etc., and that the real and actual benefit accruing to said property did not exceed in any instance or event more than one-half of the respective amounts assessed against each respective parcel of property."    That such an assessment is a final judgment which can be reviewed only by an appeal seasonably taken therefrom in accordance with the provisions of sections 1389-1399 of the Code has been clearly and conclusively settled by the decisions of this court.—*City of Woodlawn v. Durham,* 162 Ala. 565, 50 South. 356; *City of Birmingham v. Wills,* 178 Ala. 198, 59 South. 173.    All of the arguments here advanced, whatever of merit they may have, have been foreclosed by those decisions, and any attempt to distinguish this case from those with respect to their controlling principles is the merest sophistry.

A court of chancery can review such a judgment only upon the exhibition of some distinct and recognized

ground for equitable interference with judgments at law, and no such ground is specified by the bill.

The demurrer to the bill was properly sustained, and the decree of the chancellor will be affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.