(93 South. 609)

### DAY v. CITY OF MONTGOMERY.
(3 Div. 566.)

(Supreme Court of Alabama.   June 8, 1922.)

1. **Municipal corporations** ⊜⇒488, 489(8)—**Objection to assessment provided by street improvement ordinance to be made at hearing under statute, and not by suit.**

Objection that ordinance for street improvement did not provide for assessment on street railroad for the full space required by Code 1907, § 1374, can only be presented by the abutting property owners on hearing provided by section 1377 et seq., with right of appeal from adverse decision thereon, and not by bill to avoid the assessment.

2. **Municipal corporations** ⊜⇒486(3)—**Notice of filing of assessment for street improvement held sufficient to render assessment conclusive against nonobjectors.**

Notice under Code 1907, § 1377, of filing of assessment for street improvement, *held* to sufficiently describe the whole improvement, so as to render applicable section 1381, providing that property owners who on notice fail to file objections to the assessment shall be held to have consented thereto.

3. **Municipal corporations** ⊜⇒538—**Bill to avoid assessment for street improvement held not to aver roll had not been delivered to clerk at time of publication of notice.**

Averment of bill to avoid assessment for street improvement *held* no more than that, at time of formulation of notice that assessment roll had been delivered to the city clerk and was open for inspection, it had not been delivered and was so open, whereas under Code 1907, § 1377, it is enough that it had been delivered and was so open at the time of publication, which condition is presumed to have existed because of the clerk making the publication in his official capacity.

4. **Municipal corporations** ⊜⇒486(3)—**Immaterial that notice of filing of assessment roll for street improvement required filing of objections before meeting.**

It is a mere immaterial irregularity that notice of filing of assessment roll for street improvements in terms required the filing of objections before meeting of the council, as this could not preclude the right under Code 1907, § 1381, to file the same before or at the meeting.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Willie Day against the City of Montgomery to enjoin the enforcement of a lien for street improvement. From a decree sustaining demurrer, complainant appeals. Affirmed.

The bill avers that complainant is a resident of the city of Montgomery and an owner of certain real estate specifically described; that the city of Montgomery claims a lien upon the complainant's property, which it is about to proceed to enforce, for curbing and gravel put upon the roadway in front of complainant's property, under an ordinance adopted by the board of commissioners of the city of Montgomery on November 18, 1919, the substance of which ordinance is set out in the bill as follows:

"That the entire cost and expense of the improving and paving proposed to be done under this ordinance, shall be assessed and levied against the property abutting on said streets to the extent of the increased value of such property by reason of the special benefits derived from such improvements and pavement, and not in excess of the total cost of such improvements and pavement, and provided, however, that the cost of improving or paving between the rails of any street railroad or any other railroad track and the space between the tracks, including switches and turnouts, shall not be assessed against the property abutting on said streets and avenues as aforesaid, but shall be paved by the owners of such railroads and shall be assessed against and form a lien on said railroad and the property used in connection therewith."

The bill avers that said lien is claimed as an assessment against her property to cover the cost of such gravel and curbing; that said assessment was not made in the manner prescribed by law and is greatly in excess of the increased value to complainant's property by reason of benefits derived from such improvement; that there are two street railroad tracks on the roadway; and that the owner of said railroad has not been assessed for the space between such tracks

━━━━━

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and 18 inches on each side thereof, but for the space between the tracks only. It is further averred that the city of Montgomery is claiming that complainant is estopped and precluded from raising objections to said claim of lien by reason of the fact that the city clerk on October 9, 1920, gave notice by publication in a newspaper as follows:

"Notice to Property Owners on Tuttle Avenue from the East Side of Pineleaf Street to the West Side of Sudie Street:

"All owners of lots or parcels of land abutting on Tuttle avenue from the east side of Pineleaf street to the west side of Sudie street are hereby notified that the roadway of the aforesaid portion of said Tuttle avenue from the east side of Pineleaf street to the west side of Sudie street, has been paved with gravel and that the aforesaid portion of said street has been improved by curbing, surface sewers, storm sewers, brick walls, etc., that the assessment roll or list for said public improvement has been delivered to me and is open for inspection to the public, and all parties concerned in the office of the city treasurer, in the city of Montgomery, and that the board of commissioners of the city of Montgomery will meet in the commission chamber in the city hall of Montgomery on the second day of November 1920, at eleven o'clock a. m. to hear objection or defenses that may be filed in my office to such assessments or amounts thereof before the time of said meeting, or which may be made by any owner of property proposed to be assessed, or his attorney against the assessment or amount thereof.

"Oct. 9–16, 1920.    C. B. Smith, City Clerk."

It is further averred that the statute under which said notice was given is void; that said notice was not sufficient to inform complainant that the assessment roll was to cover the paving with gravel and that said notice informed complainant that his objections or defenses would have to be filed before the time of the meeting therein mentioned, whereas she would have been permitted to file her objections or defenses at the time of said meeting; that while the notice recites that the assessment roll has been delivered to the clerk, it had not in fact been so delivered and was not open for inspection. The bill further avers that the lien in question constitutes a cloud on complainant's title.

The prayer is for injunction to prevent the city from enforcing said lien, and the removal thereof as a cloud on title.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The bill has equity. 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746; 170 Ala. 149, 54 South. 209; Code 1907, § 1359. The assessment is void. Code 1907, § 1374; 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746. Appellant is not estopped to attack the assessment, because the notice given is insufficient. Authorities supra.

Ludlow Elmore, of Montgomery, for appellee.

The assessment is a final judgment, which can be reviewed only by appeal seasonably taken therefrom, in accordance with Code, §§ 1389–1399. 185 Ala. 148, 64 South. 73; 162 Ala. 565, 50 South. 356; 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746. If the notice is given at some stage of the proceedings, and in such mode as to give the party an opportunity to be heard before a final conclusion is reached, it will be sufficient. 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746.

McCLELLAN, J. This bill, filed by appellant against the city of Montgomery, seeks injunctive process to restrain the enforcement of a lien for the improvement of a certain street in the city. The city's demurrer to the amended bill was sustained upon the ground, it appears, that the amended bill is without equity.

The criticisms the amended bill makes of the proceedings culminating in the lien asserted will be treated in the order of their argument in the brief for appellant.

[1] It is insisted that the ordinance providing for the assessment of the cost and expense of the street improvement in question was fatally defective, for that it illegally restricted the assessment against the company owning railways in the street to the cost incurred in improving the street "between the rails"; whereas Code, § 1374, requires the assessment, in such circumstances, to include not only the space "between the rails," but also the space 18 inches "on each side of the tracks," with the result, it is contended for appellant, that appellant is required to pay for the cost of betterment that should have been paid by the railway line or lines. The error now urged should have been presented on the hearing provided by Code, § 1377 et seq. Woodlawn v. Durham, 162 Ala. 565, 567, 50 South. 356, where it was held, among other things, that an assessment for items not properly chargeable to the abutting property owner could only be contested under the method the statutes provide, not through a bill in equity to annul or to avoid the assessment—from a decision adverse to the property owner an appeal being provided. The doctrine of the Woodlawn Case was approved in City of Birmingham v. Wills, 178 Ala. 198, 214, 59 South. 173, Ann. Cas. 1915B, 746, where the statutory system is fully recited. The first of appellant's contentions is without merit.

[2] It is next insisted that the notice published by the city clerk was defective—so defective as to avert the concluding effect of Code, § 1381 (B'ham v. Wills, supra)—in this: That the publication only purported to give notice of an assessment for "said public improvement," which, the argument is, was but a recital of betterment through "curbing,

surface sewers, storm sewers, brick walls," omitting the street's improvement through paving with gravel as a basis of charge or assessment against appellant's abutting property. This insistence is predicated of a too narrow construction of the published notice. The "said public improvement," the assessment list or roll for which the notice recited had been delivered, referred the "said public improvement" to the several acts or means of betterment enumerated in the notice, paving with gravel being one of them—each, for the purposes of the notice, contributing to the single result described in the notice as "said public improvement." The notice might, of course, have been more satisfactorily phrased; but, notwithstanding its imperfection (if so), it was sufficient to invoke the concluding effect of Code, § 1381, wherein it is provided that the property owner failing "to file objections * * * shall be held to have consented to the same" (B'ham v. Wills, supra), this appellant not having objected to the "assessment" at any stage. It is hardly necessary to add, though in caution it may be noted, that, as stated in the brief for appellant, the bill "does not seek to strike down the assessment because of any defect or irregularity in the preliminary ordinances, but for defects in the notice of the final assessment."

[3] It is the design of Code, § 1377, to authorize the publication of the notice therein prescribed upon the delivery of the completed assessment book. The bill avers:

"Your orator further avers that while said notice recites that the assessment roll or list has been delivered to the city clerk, that in truth and fact said assessment roll or list had not been delivered to the city clerk and was not open for inspection in the office of the person authorized to make collections of said assessments. Wherefore, your orator says she is not precluded or estopped from presenting defenses or objections to said claim of lien."

The act of the official in ascertaining the existence of the condition to his action and in publishing the notice is a ministerial act (Flournoy v. Jeffersonville, 17 Ind. 169, 79 Am. Dec. 468, a deliverance approvingly cited in Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65, in Merlette's Case, 100 Ala. 42, 14 South. 562, and in Purifoy v. Lamar, 112 Ala. 123, 20 South. 975), and when publication of the notice is made in his official capacity it is presumed that the basis for his authority to make the publication existed as Code, § 1377, prescribes (Dunklin v. Wilson, 64 Ala. 162).

It is not averred in the bill that at the time of the publication in the newspaper the assessment roll or list was not in the office of the city clerk, open for inspection. It is not averred in the bill that appellant ever sought, in the ample period afforded, to inspect the list or roll, or that she was denied the opportunity to inspect it, or that it was not open to inspection between the time of publication and the date of the hearing to which the notice refers. Nothing is definitely averred indicating in any degree that the purpose the notice is designed to serve was deflected, embarrassed, or defeated by the nondelivery of the roll or list to the city clerk. Taking the bill's averments in this aspect as entirely true, they are not inconsistent with the view that the delivery denied thereby is referable alone to the formulation of the notice rather than to its actual publication for the purposes such publication is intended to serve. On hearing on demurrer, the bill does not by its averments impeach the basis upon which the officer may make the publication prescribed in Code, § 1377; and hence the concluding provisions of Code, § 1381, before quoted, are applicable in the premises.

[4] The prescription in the published notice that required interested property owners to file their objections "before the time of said meeting" was inconsistent with those provisions of Code, § 1381, which permit the presentation of objections before or "at said meeting"; but that was an irregularity only, an error that could not have precluded, and is not averred to have obstructed, the appellant's exercise of her statutory right to interpose objection to the assessment "at said meeting." Likewise this error in the notice was within the concluding effect of Code, § 1381; the appellant never at any time having filed objection to the assessment against her property.

The court did not err in sustaining the demurrer to the amended bill.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.