(96 South. 894)

### DAY v. CITY OF MONTGOMERY.
### (3 Div. 590.)

(Supreme Court of Alabama. June 9, 1923.)

Municipal corporations ⬒972(6)—Temporary removal of assessment roll to other office not regarded as prevention of invited inspection.

Under Code 1907, § 1377, providing that, after completion, the assessment roll shall be delivered to the clerk, who thereupon gives notice of publication that the roll and list has been delivered to him, and is open for inspection in the office of the person authorized to make collection of assessments, if the roll be kept accessible at all reasonable hours for inspection of those to whom the notice is directed and remains within the reach and under the control of its proper custodian, its temporary removal for lawful and necessary purposes to the office of another city officer cannot be regarded as suspension or prevention of invited inspection.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Willie Day against the City of Montgomery. From a decree for respondent, complainant appeals. Affirmed.

The decree of the trial court is, in substance, as follows:

"This is the case of a bill filed by a property owner to enjoin the city of Montgomery from enforcing a lien for street improvements against abutting property owners; the assessment was made final November 2, 1920; the bill being filed more than a year, after the completion of the work and the final assessment. The evidence is undisputed that at no stage of the proceedings, looking to the fixing of this assessment, did complainant appear and object, nor did she file any defenses or objections to the assessment or the amount thereof with the city clerk.

"Complainant sets up, in excuse of her failure to appear and object to the assessment, that after publication of the notice to appear and protest, and before the date set for the hearing of protest, she applied to the city treasurer for the amount of the proposed assessment against her property, and was by that official informed that the assessment roll was not completed and the information could not be furnished, and in support of this allegation some evidence was adduced.

"This averment of the bill is denied by the answer of municipality, and the evidence for the respondent tends to prove that no inquiries were made by complainant, as to the amount of the assessment against her property, which were not met with the proper information requested to be given.

"This court finds that, as a matter of fact, the right of complainant to be informed as to the nature and amount of the assessment proposed to be made against her property was in no wise defeated, embarrassed, delayed, or deflected by the action of any official of the city of Montgomery.

"Complainant further urges in support of her bill that the assessment roll or list, the lien of which is here questioned, was not continuously in the office of the city treasurer, from October 9, 1920, the date of publication of protest notice, till November 2, 1920, the date set in said notice for the hearing of protest. The evidence in this regard is practically without dispute. From that evidence I conclude that the assessment roll or list for the improvement project here attacked was completed by the city engineer and filed with the city clerk on

October 7, 1920, and that said assessment roll or list was in the office of the city treasurer and open for inspection by the public, when the protest notice was published; that during the period from October 9, 1920, to November 2, 1920, the bound volume containing this assessment roll or list was on several occasions and for short periods, removed from the treasurer's office to the office of the city engineer, for the purpose of enrolling therein assessment rolls or lists of other improvement projects; the office of the city engineer was in the same building, and on the same floor, and some 40 feet from that of the city treasurer; that while the bound volume of assessment rolls was in the office of the city engineer, for work thereon, inquiries of the city treasurer, by property owners as to assessments were met, in some instances, by the city treasurer furnishing the desired information after reference to the assessment roll; in other instances by referring the property owners to the city engineer, who in turn furnished the information requested, direct to the applicant. In no instance was requested information refused, delayed, or denied, and there is no evidence of a request or demand by any property owner for personal inspection of the assessment roll. I therefore conclude that the fact that the bound volume containing the assessment rolls for pending projects was, not continuously in the office of the city treasurer from the date of publication of protest notice to the date set for hearing of protest is insufficient to invalidate the assessment. It follows that complainant is not entitled to relief."

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

Without the opportunity of inspecting the assessment roll, the notice prescribed would not constitute due process of law. Code 1907, § 1377; In re Wood, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1046; In re Rosser, 101 Fed. 562, 41 C. C. A. 497; 12 C. J. 1232; Grannis v. Ordean, 234 U. S. 385, 34 Sup. Ct. 779, 58 L. Ed. 1363. The notice must be as a matter of right and not obtained as a mere matter of favor or courtesy after search through the various offices of the City Hall. 237 U. S. 413, 35 Sup. Ct. 625, 59 L. Ed. 1032; 12 C. J. 1229; 32 Cyc. 483.

Ludlow Elmore, of Montgomery, for appellee.

Appellant was given full statutory notice of proceedings to assess her property. Code 1907, § 1377.

SOMERVILLE, J. The bill of complaint is filed by a property owner in the city of Montgomery to enjoin the collection of an assessment for street improvements.

A full statement of the bill will be found in the report of a former appeal (Day v. City of Montgomery, 207 Ala. 644, 93 South. 609), wherein it was held that the allegations of the bill were not sufficient to invalidate

the assessment, and that the demurrer on that ground was properly sustained.

Those allegations were as follows:

"Your orator further avers that while said notice recited that the assessment roll or list has been delivered to the city clerk, that in truth and fact said assessment roll or list had not been delivered to the city clerk and was not open for inspection in the office of the person authorized to make collections of said assessments. Wherefore your orator says she is not precluded or estopped from presenting defenses or objections to said claim of lien."

Thereupon the bill was amended by adding the following:

"Orator further avers that at the time of the publication in said newspaper of said notice, said assessment roll or list had not been delivered to the city clerk, and was not open for inspection in such office.

"Orator further avers that she called at the office of the city treasurer, the person authorized to make collections of said assessments, after the publication of said notice, and before the date first stated therein, and requested to be allowed to inspect said assessment roll or list, but she was informed by the city treasurer, or his deputy or agent in charge of said office, that said assessment roll or list had not been completed and was not open for inspection.

"Your orator further avers that said assessment roll or list did not remain continuously in the office of the city treasurer from the date of publication of said notice, to wit, October 9, 1920, to the date set for hearing of protests to wit, November 2, 1920, but that said assessment roll or list was during said period removed from said office on numbers of occasions and for long periods of time. Wherefore your orator says she is not precluded or estopped from presenting defenses or objections to said claim of lien."

The findings of facts by the trial court are sufficiently supported by the evidence. The only question presented is, therefore, one of law, viz.. whether the fact that the bound volume containing the assessment roll was taken from the city treasurer's office by the city engineer at various times during the 23 days of publication preceding the date set for hearing objections (October 9th to November 2d) and on such occasions kept by him in his own office during the day, or part of the day, for the purpose of entering therein other assessments being concurrently made, was such a violation of the statutory requirement in that behalf as to invalidate the published notice of the assessment, and so to invalidate and avoid the assessment itself. Or, to state the question more concisely, was the city commission's jurisdiction of the assessment proceeding defeated by the failure of the city treasurer to keep the assessment roll continuously,

without temporary interruptions, in his own office?

Section 1377 of the Code provides:

"After the completion of the proper entries of each improvement said book shall be delivered to the city or town clerk, who shall thereupon give notice by publication one time in some newspaper published in said municipality, or of general circulation therein, that said assessment roll or list has been delivered to him, and is open for inspection in the office of the person authorized to make collection of said assessments."

It will be observed that the essential requirement is that notice shall be given that the assessment roll "is open for inspection in the office of the person authorized to make collection of said assessments"—in the instant case, the city treasurer. There is no express requirement as to the period during which the roll must be kept open for inspection, but the reasonable, and, indeed, the necessary implication is that it must be during the period of publication, since the roll is made, by reference, a part of the notice itself.

But it would be too strict a construction to hold that the roll must be kept literally and continuously present in the treasurer's office, and nowhere else, however accessible for the purposes required, at all times and hours during that period. If it be kept accessible at all reasonable hours for the inspection of those to whom the notice was directed, remaining within the reach and under the control of its proper custodian, its temporary removal for lawful and necessary purposes to the office of another city officer cannot be regarded as a suspension or prevention of the invited inspection.

The city commission's jurisdiction of an assessment proceeding is grounded, of course, upon a substantial compliance with essential statutory requirements; but, we apprehend, it does not depend upon a controverted issue of fact as to conduct in pais, such as is here presented. If the opportunities for inspection are inadequate, so that reasonable efforts to secure it have failed, the notice is defective, but certainly not abortive and void; for the owner, nevertheless, is informed of the nature of the proceeding, and of the time and place when he is to appear and object, if he chooses to do so.

For those reasons, and upon the considerations stated in the opinion of the circuit judge, we hold that the assessment is not shown to be invalid, and that complainant is not entitled to relief.

The decree appealed from is therefore affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.