## GRANT v. CITY OF BIRMINGHAM.
### (6 Div. 923.)

(Supreme Court of Alabama. Oct. 18, 1923.)

1. **Municipal corporations ⊂⇒484(1)—On demurrer assessment proceedings presumed regular.**

On hearing on demurrer in a statutory suit to quiet title as against an improvement assessment it is assumed in the absence of express averments to the contrary that the assessment proceedings were under existing statutes relating to municipal improvements and improvement assessments (Code 1907, §§ 1359–1420), and that the proceedings were regular.

2. **Municipal corporations ⊂⇒488, 489(5)—Property owner not objecting or not appealing or unsuccessful cannot collaterally attack assessment.**

Where complainant allowed an improvement assessment to go by default without objection in the manner and form required by Code 1907, § 1381, or did not appeal or if he did the appeal was decided against him, he was estopped under section 1381, and could not collaterally attack the assessment.

3. **Municipal corporations ⊂⇒484(1)—Presumed that lot was subject to improvement assessment at the time of assessment, in absence of express pleading to contrary.**

Where a statutory bill to quiet title as against improvement assessment levied under Code 1907, §§ 1359–1420, alleged that complainant's lot did not abut on the improved street. but did not disclose that at the time of the improvement and assessment the lot was, as shown by the records, a parcel separate from property abutting on the street, it will be presumed that the lot was subject to the assessment, in view of Code 1907, § 1376.

Appeal from Circuit Court, Jefferson County; Wm. M. Walker, Judge.

Bill by Wheadon M. Grant, against the city of Birmingham. From a decree sustaining demurrer to the bill as amended, complainant appeals. Affirmed.

Complainant amended his bill by adding thereto the following:

"(6) No suit is pending to enforce or test the validity of defendant's title, claim, or incumbrance.

"(7) On or about the 7th day of June, 1921, the respondent municipal corporation adopted an ordinance, which was thereafter duly published and confirmed, whereby pavement was put down and certain other improvements made on the south Sixteenth street between Tenth and Fourteenth avenues, in the said city of Birmingham, state of Alabama.

"(8) The complainant's land hereinbefore described, lies parallel with and a minimum 50 feet eastward from said Sixteenth street and nowhere touches or abuts upon said street. The property of another landowner, being a tract uniformly about 50 feet wide, and throughout its entire length touching upon and

abutting said street lies between complainant's property and said street.

"(9) Nevertheless the respondent, over complainant's protest and with full knowledge and notice of the existence of the conditions aforestated, undertook to fix and establish against complainant's said property a lien for the cost of improving that portion of said street which lay 50 feet distant from and parallel with said property, there being no intersection of said street ·with any avenue or other street at said place.

"(10) By attempting to create said lien which (as complainant is informed) is invalid, the respondent has created a cloud against complainant's title to said property."

By amendment, also, the court was invoked—

"to adjudicate the invalidity of the respondent's claim to a lien against complainant's said property for improvement taxes and to decree the abandonment thereof."

To the bill as thus amended respondent interposed these grounds of demurrer:

"(1) Said bill contains no equity.

"(2) It is not sufficiently shown by said bill that there is no suit pending to test the right, title, claim, or interest of the respondent in the real estate described in said bill of complaint.

"(3) Said bill shows upon its face that the complainant has a clear and adequate remedy at law.

·"(4) Said bill affirmatively shows that the claim or lien·of the respondent ·which the complainant· is seeking to litigate in this cause is one arising from a valid municipal assessment.

· "(5) For that it affirmatively appears by said bill that the matter which the complainant is now seeking to litigate with the respondent as to the assessment set forth and described in said bill has been adjudicated against the complainant by the governing body of the city of Birmingham.

"(6) It does not appear from said bill that the complainant within the time prescribed by law filed with the city commission a protest against the assessment complained of.

"(7) It does not appear from said bill that the complainant, within the time prescribed by law, protested before the governing body of the city of Birmingham against said assessment upon the ground that complainant's property did not abut upon the street improved.

"(8) It affirmatively appears from said bill that the question as to whether or not the complainant's property abutted upon the street or highway·improved, and was liable and subject to said assessment, has been adjudicated against the complainant by the governing body of the city of Birmingham.

"(9) For that it is clearly shown by said bill that the questions raised by complainant as to the validity of said assessment were all involved when the assessment was made final by the governing body of the city of Birmingham, and the bill in this case is an attempt to collaterally attack a valid judgment of said governing body of the city of Birmingham fixing a lien upon said property.

"(10) For that no excuse is shown for a failure to appeal from said assessment within the time required by law.

"(11) For that it affirmatively shows that complainant had the right to appeal from said assessment within the time required by law, and on such appeal to litigate the questions now sought to be raised as to the validity of said assessment, and no sufficient excuse is shown for a failure to so appeal.

"(12) For aught appearing in said bill, the governing body of the city of Birmingham assessed said property in compliance with section 1376 of the Code of Alabama, according to the name of the last owner as shown by the records in the office of the probate judge of Jefferson county."

Brenton K. Fisk, of Birmingham, for appellant.

Equity has always granted relief against liens and judgments that are wholly void. City of Birmingham v. Coffman, 173 ᐧAla. 213, 55 South. 500, Ann. Cas. 1914A, 887; Hauser v. Foley & Co., 190 Ala. 437, 67 South.·252; Todd v. Leslie, 171 Ala. 624, 55 South. 174; Evans v. Wilhite, 167 Ala. 587, 52 South. 845. The authority of municipal corporations to tax the cost of street improvements against adjacent property rests wholly upon statute, and cannot extend beyond the scope of the statutory provisions relevant thereto.. City of Birmingham v. Wills, 178 Ala. 198, 207, 59 South. 173, Ann. Cas. 1915B, 746. The appellant's property neither abuts on the improved street, nor is there any intersection paved adjacent to where his land lies. Consequently the city had no authority to assess any of the improvement·tax against his land. McQuillin, Mun. Corp. § 2056. No lien for improvement taxes is created, unless and until the assessment therefor is ᐧmade final. Code 1907, § 1384.

W. J. Wynn and W. A. Jenkins, both of Birmingham, for appellee.

Where a municipality levies an assessment for public improvements against the property of a·person, the statutes provide a complete and adequate remedy whereby the property owner may by appeal to the circuit court test every legal question as to the validity·of the assessment. Code 1907, §§ 1389 to 1398. An assessment for public improvements levied by the governing body of a municipality cannot be collaterally·attacked by a bill in equity. Brock v. Decatur, 185 Ala. 146, 64 South. 73. City of Birmingham v. Wills, 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746; City of Woodlawn v. Durham, 162 Ala. 565, 50 South. 356; Day v. Montgomery, 207 Ala. 644, 93 South. 609.

PER CURIAM. In this case Wheadon M. Grant, complainant, sued the city of Birmingham, a municipal corporation, respondent, in a statutory bill to quiet the title to a certain lot in Birmingham, requiring the re-

spondent to set forth and specify its title, claim, interest, or incumbrance upon the land, and by what instrument the same is derived and created. The bill was defective for its failure to aver that no suit was pending to test the right, title, claim, or interest of the respondent. The point was taken by demurrer against the bill, and the demurrer was sustained. The bill in due course was amended by the addition thereto of sections 6, 7, 8, 9, and 10, together with an addition to the prayer. Demurrer to the bill as thus amended was sustained, and complainant appeals.

[1] The gist of Grant's complaint is that the street assessment made by the city of Birmingham and against his lot is illegal, because his lot does not abut on Sixteenth street, which was improved. While the proceedings relating to the improvement and the assessment against the lot are not set out in full in the bill, it is averred that the improvement was made under ordinance adopted in June, 1921, and that the city undertook to establish a lien against the lot for the improvement. On hearing on demurrer it is assumed, in the absence of express averments to the contrary, that the city's proceedings were under existing statutes relating to municipal improvements and improvement assessments (Code, §§ 1359–1420), and that the proceedings were regular.

[2] Taking the bill on the face of it, with the constructions and presumptions necessarily indulged against the pleader, there has been a regular proceeding under the statutes by the city of Birmingham, as a result of which Sixteenth street has been improved, and Grant's lot has been assessed for a portion of the cost of the improvement, and Grant has either (1) failed to comply with section 1381 of the Code by appearing and filing a written objection to the assessment, or (2) if he did file proper objection in writing, (and this is not alleged in the bill) he has failed to appeal from that action of the city in fixing the assessment against his written objection, or (3) if he did so appeal, the decision has gone against him on appeal. In other words, section 6 of the bill avers that no suit is pending to test the validity of the city's lien, and it necessarily follows that the assessment has gone by default without Grant's objection made in the manner and form required by law, or else that he has not litigated, or that the litigation has been decided against him. In either event complainant is precluded from setting up his complaint in this action. He is bound by the statutory estoppel covered in section 1381 and the succeeding sections of the Code. He cannot bring this collateral attack against the adjudication already made by municipal authority. Brock v. Decatur, 185 Ala.

210 ALA.—16

146, 64 South. 73; City of Birmingham v. Wills, 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746; City of Woodlawn v. Durham, 162 Ala. 565, 50 South. 356; Day v. Montgomery, 207 Ala. 644, 93 South. 609; Huntsville y. Goodenrath, 13 Ala. App. 579, 68 South. 676; Ex parte Gudenrath, 194 Ala. 508, 69 South. 629.

As stated in Brock v. Decatur, supra:

"A court of chancery can review such a judgment only upon the exhibition of some distinct and recognized ground for equitable interference with judgments at law, and no such ground is specified by the bill."

[3] While Grant avers that his lot does not abut on Sixteenth street, and is 50 feet distant therefrom, for aught that appears by the bill at the time of the making of the improvement and the fixing of the assessment, his lot was in no sense a separate parcel from that property which does abut on Sixteenth street, and the presumption is indulged against the pleader. The municipality is protected by section 1376 of the Code, in making its assessment lists, by the provision that the list shall be sufficient if the name of the last owner is shown according to the records in the office of the judge of probate of the county. For aught that appears by the bill, the assessment book on this improvement is made according to the status of the lots of land as shown by the courthouse records as of the date of the assessment. It is immaterial that now, at the time of the filing of the bill, complainant owns a lot 50 feet removed from the street which carries on it an assessment lien; it may well be in perfect consonance with the allegations of the bill that the segregation of this lot from the other parcel was made by unrecorded deed or by deed executed subsequent to the making of the improvement and the fixing of the lien. In the Wills Case, supra, it is well said:

"Complainant's call upon the defendant to set forth and specify its lien or incumbrance, under the circumstances shown by the bill, is a perversion of the statute for quieting title, and merely evinces a desire to shift the burden of averment and proof in respect to the validity of the assessment proceeding contrary to the spirit and letter of section 1381 of the Code and the decisions on that point."

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

NOTE.—The foregoing opinion was prepared by Justice McCLELLAN before his resignation, and is adopted by the court.