(127 So. 210)

**JASPER LAND CO. v. CITY OF JASPER et al.**

**6 Div. 504.**

Supreme Court of Alabama.
March 27, 1930.

Arthur Fite and Coleman D. Shepherd, both of Jasper, for appellant.

Chas. R. Wiggins and J. J. Curtis, both of Jasper, for appellees.

BOULDIN, J.

A bill in equity was filed to vacate proceedings of municipal authorities purporting to make a local assessment for street improvement against the property of complainant and to enjoin the issuance of bonds against such assessment. The appeal is from a decree sustaining a demurrer to the bill.

Among the grounds of attack made in the bill is: That while notice was published pursuant to Code, § 2192, showing the assessment roll required by Code, §§ 2190 and 2191, had been delivered to the city clerk and was open for inspection in his office, in fact no such assessment roll had been made and delivered to the clerk prior to the day set for hearing of objections by property owners, and on which day the assessment was made final.

■ Proceedings to make local assessments fastening a. lien on specific property for the amount so assessed are judicial in character. While proceedings in rem, due process of law must be observed.

■■ Under our system the assessment roll open to inspection for the purpose of preparing proper objections for the hearing is a part of the notice itself. The published notice gives no advice as to the amount of the assessment, the description of the property, etc., but refers the owner to the source of information prescribed by statute.

Notice in substantial conformity to law is regarded as jurisdictional. So, if the data referred to as a basis of notice does not exist, is not delivered so as to become available until the day of hearing, we are constrained to hold there is a failure of statutory notice; and the assessment is void for want of jurisdiction. Day v. City of Montgomery, 209 Ala. 609, 96 So. 894; Id., 207 Ala. 644, 93 So. 609; 44 C. J. p. 706, § 3189; Lyon v. Alley, 130 U. S. 177, 9 S. Ct. 480, 32 L. Ed. 899.

■ A void assessment casting a cloud upon title may be enjoined and vacated in equity, no adequate remedy at law appearing. Alabama City v. Alabama Power Co., 213 Ala. 644, 106 So. 39; Board of Com'rs of City of Mobile v. Moore, 214 Ala. 525, 108 So. 568; 44 C. J. p. 755, § 3305; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97; Rice v. Tobias, 89 Ala. 214, 7 So. 765; Brock v. Decatur, 185 Ala. 146, 64 So. 73.

■ A recital, in the judgment or order making the assessment final, that the assessment roll was delivered to the clerk as per notice, while presumed to be true, is not conclusive in a direct proceeding by bill in equity challenging the jurisdiction of the board; no rights of third persons having intervened. Wise v. Miller, 215 Ala. 660, 111 So. 913; 1 Black, § 288; 34 C. J. p. 550, note 35.

■ In the absence of such notice as required by law, the failure to file objections to the proposed assessment creates no estoppel under Code, § 2196. That statute, giving a failure to file objections the effect of consent to the proposed assessment, implies that due opportunity has been given to present objections as prescribed by law.

■■ But unless there was a want of legal notice, irregularities intervening in the assessment furnish no ground of equitable relief. The duty to interpose objections at the time is imperative, else the final assessment becomes a consent judgment. If interposed, the remedy by appeal is adequate; hence the inclusion in the assessment of lands extending beyond and not abutting on the improvement furnishes no independent ground of relief in equity. Grant v. City of Birmingham, 210 Ala. 239, 97 So. 731.

■ The assessment by sufficient description of the entire acreage, instead of by separate lots as prescribed by statute, is subject to the same rule. The owner will be held to consent thereto in the absence of objections. Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226.

■ Errors in the amount of the assessment, errors in including items of expense not chargeable to the landowner, errors in bringing in extraneous items, if any there be, are all waived by failure to file objections.

■ Obviously in dealing with the decree on demurrer to the bill, we cannot consider matters set up by answer. We do not consider at this time the effect of the order of the counsel, April 8, 1927, seeking to rescind the assessment made final March 7, 1927, nor the order of May 5, 1927, purporting to fix the assessment at a greatly reduced amount; nor the order of August 27, 1927, made pursuant to mandamus proceedings to which complainant was not a party.

The bill has equity upon the ground of want of notice of the assessment proceedings in substantial compliance with the statute.

The determination of this issue on the evidence will fix a legal status upon which these later proceedings are to be judged.

Reversed and remanded.

ANDERSON, C. J., and GARDNER. and FOSTER, JJ., concur.