(137 So. 433)

## BESSEMER COAL, IRON & LAND CO. v. BAILEY et al.

### 6 Div. 815.

Supreme Court of Alabama.

Oct. 29, 1931.

Rehearing Denied Nov. 19, 1931.

Theodore J. Lamar, of Birmingham, for appellant.

J. A. Estes, of Bessemer, for appellees.

BOULDIN, J.

The original bill was filed by the vendor of two city lots sold by lease sale contracts against the assignee of such contracts to enforce a forfeiture and cancellation thereof because of alleged default in payment, or, in the alternative, to ascertain the amount due and foreclose all rights in the lessee unless payment be made on terms fixed by the decree. There was also a prayer for general relief.

The respondent denied any default, alleged a tender of amounts due on last installments, paid same into court, and by cross-bill prayed that a conveyance of title be ordered vesting title in cross-complainant.

The original bill was dismissed, and relief granted under the cross-bill.

It is not questioned that all the monthly installments of purchase money were paid except the last, which were tendered with demand for deeds, and refused because of a further claim now to be considered.

The leases stipulated that the lessee should pay all municipal local assessments thereafter made against the property.

The city of Bessemer did undertake to make an assessment against each of the two lots for the construction of a storm sewer. After such assessments were made final and time for appeal had elapsed, the vendor paid the same. All this occurred before the respondent took an assignment of the leases. Whether complainant is due to be reimbursed the sums so paid, with interest, is the litigated question.

Respondent challenges the assessment proceedings as null and void for want of jurisdiction in the municipal authorities to make the assessment against this property.

In support of such contention, it was averred and shown by parol testimony, without dispute, that these lots lie on Red Mountain, some 1,200 feet from the nearest point of the sewer; that the lots have adequate natural drainage, the water flowing off into a hollow without the city limits, and, after meandering for some three fourths of a mile, enters the sewer in question within the city limits. The parol evidence, if allowable, supported the finding that no special benefits accrued to these lots by reason of such storm sewer.

The controlling question is: Were the assessment proceedings subject to a collateral attack of this sort?

Section 1359, Code of 1907, conferring general powers relating to public improvements, authorized assessments against the property drained by such sewer, to the extent of increased value by reason of the special benefits derived therefrom.

This section was amended by the General Acts of 1911, p. 371, of force when these assessments were made. This act classifies sewers into main or trunk sewers, the cost of which is assessable to all the property drained to the extent of special benefits, and lateral sewers connected with the drainage of a particular street and abutting property. This section, as further amended, Code of 1923, § 2174, and Gen. Acts 1927, p. 754, goes into further details of classification, which need not be considered here.

Section 1361, Code of 1907, prescribing the form of ordinances in local assessment proceedings, declared: "When the contemplated improvement is a storm water or sanitary sewer or sewers, or a storm water or sanitary sewer system, such resolution or ordinance shall establish or describe the territory or area to be drained by such sewer or sewers, or sewer system, and define the same by naming the streets, avenues, alleys, or other lines by which the same is bounded."

These provisions were in force when these assessments were made, and are still in force,

594

at least as to main trunk sewers. Gen. Acts 1927, p. 757.

Code, § 2185 (1370), provides for assessments against the property drained, etc.

The definite description of the drainage area in the improvement ordinance as required by the above-quoted statute was manifestly intended to give owners of all lands within that area constructive notice of the proposed improvement, and of proposed assessment of same.

In this case, the ordinance followed the statute fully. Without question, the lots here involved are within the boundaries specified in the ordinance. The notice of time set for hearing objections, and making assessments final, contained a like description of the drainage area within which assessments were made. That the proceedings were regular is not questioned.

It follows that jurisdiction was duly acquired for proceedings in rem against these lots; that in making an assessment against each lot, as being within the drainage area, and deriving a benefit from the improvement, the city council acted judicially; the assessment had the force of a judgment, subject to review by appeal, but not subject to collateral attack, as here attempted.

There is no need to decide whether the water drained from the lot must enter the sewer directly, or may take a circuitous route. See, however, Kelly v. Chicago, 148 Ill. 90, 35 N. E. 752.

The respondent, acquiring an interest only after the assessment was made and had been paid by the vendor, is in no position to complain that it was paid voluntarily, or without prosecuting an appeal. The lessee, then liable for the assessment, could have made objection and prosecuted an appeal. Respondent stands in no better position.

A further defense is that respondent, after acquiring the leases, took up with the city council the question of the legality or justice of these assessments, and obtained an order declaring the lots outside the drainage area. This proceeding could in no wise affect the vendor after it had paid the assessments, unless it had resulted in refunding its money. It appears an offer of the city to refund was made, but declined because interest was not included. It was clearly entitled to have the same amount the lessee was due to pay; its money and interest.

The court erred in decreeing cross-complainant relief, except upon condition that he pay these assessments, with interest. The complainant is not entitled to enforce a forfeiture and cancellation of the leases. Its re-

lief is by way of foreclosure, if need be. There was error in dismissing the original bill.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.