## COWAN INV. CORPORATION v. CITY OF FLORENCE.
### No. 65.

District Court, N. D. Alabama, N. W. D.
Aug. 28, 1935.

974

J. Fred Johnson, Jr., of Florence, Ala., for intervener, Metropolitan Life Ins. Co.

William Alfred Rose, of Birmingham, Ala. (J. Edward Thornton, of Birmingham, Ala., of counsel), for W. S. Lovell, as receiver.

GRUBB, District Judge.

Heretofore, at a time not relevant to this intervention, the city of Florence issued its public improvement bonds for the purpose of raising funds with which to pay for certain public improvements constructed in the said city. Assessments were levied against the properties specially benefited by the improvements constructed with the proceeds of such bonds, which assessments were secured by liens on such properties. As security for the bonds, the city transferred and assigned to the holders thereof the said assessments and liens. The bonds being in default, Cowan Investment Corporation, a Delaware corporation and the holder of some of the bonds, filed its original bill in the nature of a class suit against the city, wherein it was alleged that the city had violated its duties as a statutory trustee for the holders of the bonds in that, among other things, it had diverted for other purposes the collections made from the assessments. A receiver was appointed by this court in order to preserve the security afforded to the holders of the bonds.

On May 1, 1935, Metropolitan Life Insurance Company filed its petition to intervene in these proceedings and, leave of court so to do having been granted, it then filed its bill of intervention in the nature of a common-law bill to quiet title to certain real estate owned by it. The said property was alleged to have been sold by the city in satisfaction of an assessment made against the same for certain street improvements on Sherrod avenue, and at the sale the property had been purchased by the city. It was further alleged that the sale and the assessment on which the same was based were void for the following reasons: The property did not abut Sherrod avenue at the time the improvement was made or the assessment levied and had never abutted that avenue; the property was not at the time the improvement was made and the assessment was levied, and never has been, contiguous to a lot abutting the improvement, but at the time the improvement was made and the assessment was levied, and at all times since then, the property was separated from the improvement by another lot which was not assessed for the improvement; and that no street intersection was improved whereby the property might have been benefited or assessed. There are no allegations that the assessment was not made in accordance with the statutes applicable thereto, other than as stated above, or that any protest was made at the hearing at which the assessment was levied, or, if made, that an appeal was taken. The receiver, having secured leave of court to an-

swer the intervention, filed his answer admitting the facts alleged, but denying their sufficiency to avoid the assessment, and moved to dismiss the intervention.

The enforcement of the assessment liens has been brought into this court ·by the original bill of Cowan Investment Corporation, with the result that any action questioning the validity of such assessments is properly brought in this court. Of course, the Alabama law will control the decision as to the validity of such assessments.

It is necessary to the validity of an assessment of the nature here involved that the property owner be given an opportunity to be' heard and an opportunity to appeal therefrom, otherwise there would be a denial of due process. The Alabama law provides for such a hearing, after notice, and permits appeals to the circuit courts of that state from the actions of the governing body of the city making the assessment. Sections 2192, 2193, 2194, and 2204 of the Code of Alabama of 1923, as amended by Gen. Acts 1927, pp. 764, 765, 767. Code, § 2196, as amended by Gen. Acts 1927, p. 765, declares that in the event a property owner fails to take advantage of such hearing and fails to appeal therefrom, it will be considered as though he had consented to the assessment. The Supreme Court of Alabama, in construing these sections, has declared that such proceedings are an exercise of the judicial function of government and constitute a final judgment. Brock v. City of Decatur (1914) 185 Ala. 146, 64 So. 73.

If the governing body of the city fails to prepare an assessment roll describing the property benefited by the improvement, the names of the owners thereof and the amounts assessed against each parcel of property, or fails to give the notice required by the statute that the same is open for inspection and the date and place for hearing objections thereto, the Alabama court has held that any assessment attempted to be made for the improvement is absolutely void. Jasper Land Co. v. City of Jasper (1930) 220 Ala. 639, 127 So. 210, 211; City of Jasper v. Sanders (1933) 226 Ala. 84, 145 So. 827; City of Bessemer v. Schanz (1933) 226 Ala. 573, 148 So. 131. On the other hand, if the assessment roll was prepared and filed and due and proper notice was given in the manner prescribed by the statute, and, in addition, an appropriate ordinance providing for the improvement and assessment had been adopted, the Alabama court has held that, except on direct appeal from the action of the city governing body levying the assessment, no question can be raised as to the validity thereof. Nashville, C. & St. L. R. Co. v. Town of Boaz (1933) 226 Ala. 441, 147 So. 195; First National Bank v. Fountain Motor Co. (1933) 227 Ala. ˙133, 148 So. 817; Byars v. Town of Boaz (1934)· 229 Ala. 22, 155 So. 383.

Under Code, § 2185, as amended by Gen. Acts 1927, p. 761, the city has authority to levy such assessments against property which abuts the improvement. The intervener contends that that section prohibits the levying of an assessment against property which did not abut the street improved, and further contends the city did not have authority to levy an assessment against a parcel of property which was not contiguous to a lot abutting such an improvement. As a result, the intervener argues with much force that the attempt to levy an assessment in this instance was of no effect on the ground that the irregularities pointed out were "jurisdictional" and, therefore, this attack is a direct one rather than a collateral one. In support of its contention it relies upon the cases of Jasper Land Co. v. City of Jasper, supra, and City of Jasper v. Sanders, supra. In those cases attacks on assessments were sustained in proceedings other than on direct appeal from the action of the city governing body. There, however, no assessment roll was prepared and filed with the city clerk, and it was held that the property owner did not have due and legal notice so that he might appear and make objections. No such allegations are contained in the pleadings here involved. Since the pleadings must be taken most strongly against the pleader, I think those cases are clearly distinguishable from this one.

The case containing facts nearest like those here involved is Grant v. City of Birmingham (1923) 210 Ala. 239, 97 So. 731. The effect of that case was summarized in the case of Jasper Land Co. v. City of Jasper, supra, relied on by the intervener, in which the court said: "The duty to interpose objections at the time [the assessment is made final] is imperative, else the final assessment becomes a consent judgment. If interposed, the rem-

edy by appeal is adequate; hence the inclusion in the assessment of lands extending beyond and not abutting on the improvement furnishes no independent ground of relief in equity. Grant v. City of Birmingham, 210 Ala. 239, 97 So. 731."

For other cases indicating the extent to which the Alabama court has gone in upholding assessments where an attack was made thereon other than by direct appeal from the action of the city governing body levying the assessment, see Jones v. Lacey (1930) 220 Ala. 390, 125 So. 635; City of Mobile v. Smith (1931) 223 Ala. 480, 136 So. 851; Bessemer Coal, Iron & Land Co. v. Bailey (1931) 223 Ala. 592, 137 So. 433.

Therefore, I have reached the conclusion that the Alabama law is: If, on the date of hearing the objections to the assessment, proper notice thereof had been given as is provided in Code, §§ 2192 and 2193, as amended, and the assessment roll required by Code, §§ 2190 and 2191, as amended, had been prepared and delivered to the city clerk and was open for inspection in his office, then no objection not raised at such hearing, other than as to the sufficiency of the notice or the assessment roll, could be thereafter raised, because the effect of Code, § 2196, as amended, is such that, as to other defects, the property owner has waived any objection thereto and the assessment constitutes a consent judgment. I am of the opinion that among such waived irregularities is the fact that the property assessed did not abut on the street improved and was not contiguous to a lot so abutting.

The bill of intervention should, therefore, be dismissed, and an order will be so entered.