99 So.2d 192

**CITY OF BOAZ**

v.

**R. C. KELLEY et al.**

8 Div. 884.

Supreme Court of Alabama.

Dec. 19, 1957.

Johnson & Randall, Oneonta, for appellees.

H. G. Bailey, Boaz, for appellant.

LAWSON, Justice.

This is an appeal by the City of Boaz from a final decree of the circuit court of Marshall County, in equity, rendered in a proceeding instituted by the appellees for the purpose of preventing, by injunction, the enforcement of assessments made by the City of Boaz for local improvements.

Appellees say, in effect, that we should affirm the decree of the trial court because of the failure of appellant to file in this court a brief in compliance with Supreme Court Rule 9, Code 1940, Title 7, Appendix, 1955 Cum.Pocket Part, which prescribes the form and contents of briefs filed in this court by appellants. While the brief filed here on behalf of the City of Boaz might not strictly conform to the aforementioned rule in all respects, yet we do not feel that the omissions from or defects in the brief warrant us in disregarding it. Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579.

Appellant in its brief argues its first assignment of error, which reads: "The Court erred in overruling the demurrers of the Appellant to Appellees' original bill as last amended." It is provided by statute that rulings of the trial court on interlocutory decrees may be reviewed by this court on appeal from final decree. § 756, Title 7, Code 1940. See McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160. But appellant's first assignment of error can avail it nothing. The last amendment to the bill was filed on June 6, 1956, and as far as we can determine no decree on the demurrer of the city was ever entered after that amendment. Moreover, we are unable to find where any demurrer going to the entire bill as amended was filed after the amendment of June 6, 1956, or where any previously filed demurrer was refiled after the last amendment. See Shelby Iron Co. v. Bean, 203 Ala. 78, 82 So. 92.

Assignments of error 2 and 3 are to the effect that the trial court erred in overruling the city's motion to discharge and dissolve a temporary injunction. These assignments are not sufficiently argued in brief to warrant consideration. We have often observed that the mere repetition in brief of counsel for appellant of the assignment of an error on the record does not amount to argument. Calvert v. Bynum, 255 Ala. 172, 50 So.2d 731, and cases cited.

The decree from which the City of Boaz has appealed reads in pertinent parts as follows:

"This cause is submitted on the pleadings and the proof as noted. The Complainants are property owners of the City of Boaz, Alabama, and are seeking relief from certain improvement assessments made by said City against certain described lots owned by the Complainants. Upon filing of the certified complaint, temporary injunction was issued enjoining the City of Boaz from going through with the sale of Complainants' property pending a final determination of the cause. The Respondent, after certain preliminary proceedings, filed an answer and cross-bill seeking a discharge of the injunction and a final decree adjudicating the City's right to sell said property under the assessments previously made.

"There is some conflict in the testimony, but the Court is of the opinion that the City exceeded its powers under the original ordinance in paving the entire streets affected, and to such extent the assessment is excessive. It follows, therefore, that the Court is of the opinion that Complainants are entitled to a part of the relief prayed for in the Original Bill.

"It is, therefore, ordered, adjudged and decreed by the Court as follows:

"1. That the City of Boaz, a municipal corporation, be and it is hereby perpetually enjoined from collecting any portion of the paving assessment heretofore assessed against the properties of the Complainants, separately and severally.

"2. That the proportionate part of said assessments allocated to curb and gutter, sidewalk, and driveways constitutes a valid lien against the property of Complainants and, when properly assessed by said City, should be assessed and collected as other assessments of this nature.

"3. That this cause be referred to the Register for an accounting pursuant to Paragraph Two above at a date to be set by the Register, upon completion of which the Register will report back to the Court the amount of the valid assessment made against each parcel of Complainants' property pursuant to this Decree. * * *"

In regard to that decree the City of Boaz alleges in its two remaining assignments of error as follows:

"4. The Court erred in its final decree in holding therein that the assess-

ments for all the paving done under Appellant's Improvement Ordinance exceeded Appellant's authority and power under said Ordinance.

"5. The Court erred in its final decree in perpetually enjoining Appellant from collecting any assessments for paving under its Improvement Ordinance."

We interpret the final decree of the trial court as recognizing that all the necessary jurisdictional facts, legislative acts in passage of the improvement ordinance, executive and administrative action in letting contracts and supervising the improvement were present and that those acts were followed by judicial action in making the local assessments with the observation that the assessments were not in excess of the special benefits to the abutting property by reason of such improvements, and not in excess of the cost of such improvements. Otherwise the court would not have upheld the assessments in so far as they relate to curb and gutter, sidewalk and driveway, which items were included in the same assessments as the item for paving.

It seems to us that the trial court has concluded that the final assessments against appellees are correct in all respects except that they should not be required to pay for the cost of placing "plant mix" over the existing paving for the reason apparently that the initial improvement ordinance did not clearly point out to appellees that such work would be done.

■ This court has held that an attack such as the one with which we are presently concerned cannot be maintained except where a so-called "fundamental" or "jurisdictional" defect appears in the assessment procedure, such as renders the assessment totally void. City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173; City of Birmingham v. Terrell, 229 Ala.

523, 158 So. 748; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Jones v. City of Dothan, 230 Ala. 103, 159 So. 689.

■ As shown above, the trial court has found no fundamental or jurisdictional defect in the assessment procedure, yet has enjoined the city from collecting the parts of the assessment which the court concluded were improperly included in the assessment. In this we think the trial court erred. In City of Woodlawn v. Durham, 162 Ala. 565, 50 So. 356, it was held, among other things, that an assessment for items not properly chargeable to the abutting property owner could only be contested under the method the statutes provide, by appeal, not through a bill in equity to annul or to void the assessment. Specific provisions for appeal from public improvement assessments are now contained in § 545 et seq. of Title 37, Code 1940. The doctrine of the Woodlawn case was approved in City of Birmingham v. Wills, supra, where the statutory system was fully recited. See also Day v. City of Montgomery, 207 Ala. 644, 93 So. 609; Jasper Land Co. v. City of Jasper, supra; Henderson v. City of Enterprise, 202 Ala. 277, 80 So. 115; Wynn v. First Nat. Bank of Dothan, 229 Ala. 639, 159 So. 58; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; City of Birmingham v. Terrell, supra. See the excellent article, "Special Assessments: Levy, Record and Collection," by Hon. Lawrence Dumas, Jr., and Hon. Hubert Hayes of the Jefferson County Bar.—16 Alabama Lawyer 131.

The decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.