# Mayor and City Council of Anniston v. Davis.

*Mandamus to Compel the Restoration of a Deposed Councilman.*

1. *How vacancy in council filled.*—Where the charter of the city of Anniston provides that vacancies in the city council shall be filled by a majority vote of the remaining members, the council have no authority to disregard that charter provision; and, the rule that a majority of a quorum controls, has no application.

2. *Power of council to correct its minutes.*—The common council is fully authorized, at a subsequent meeting, to correct its minutes of a previous meeting, so as to make them speak the truth.

3. *Remedy, if any.*—In the case at bar, the complaining councilman had the right, in a direct proceeding for that purpose, to set aside and annul the action of the council at the subsequent meeting in chang-

[Mayor and City Council of Anniston v. Davis.]

ing the minutes of the previous meeting, if such preceding minutes were true. So long as minutes remain as the minutes of the council, they can not be impeached collaterally, and are a complete answer to the petition for a writ of mandamus.

APPEAL from Anniston City Court.

Heard before the Hon. B. F. CASSADY.

This was a proceeding by petition for the writ of mandamus to the judge of the City Court of Anniston, by Wm. A. Davis, alleging that he had been duly elected as a councilman for ward one of said city, to fill a vacancy caused by the resignation of councilman R. J. Riddle ; that after his election, on the 19th of May, 1892, by a majority of the remaining members of said city council, as shown by the minute entries recording the action of the city council at that meeting ; that, after such election, and after petitioner had entered upon the discharge of the duties of the office, he was wrongfully and without warrant of law, removed therefrom, by the mayor and city council of Anniston. The petition prayed for a writ of mandamus to the mayor and council, commanding them to restore petitioner to his said office. A demurrer to this petition was interposed by the mayor and council, assigning as grounds of demurrer : (1), that the allegations of the petition were not sufficient to authorize the relief prayed ; (2), that it appeared from said petition that said petitioner was never elected a member of the city council of Anniston, as prescribed by the charter and By-Laws of said city ; (3), that it appeared from the petition that another person had been elected to fill the vacancy caused by the resignation of R. J. Riddle. The demurrer was overruled by the court, and the respondents answered the petition, setting up the full proceedings of the council as recited in the opinion of the court, denying that said Davis was ever legally elected a councilman. The court sustained a demurrer to the answer, and awarded the writ of mandamus as prayed for, from which action this appeal is taken. The rulings of the court upon the demurrers are assigned as error.

KNOX, BOWIE and PELHAM, for appellant.—1. *Mandamus* is not the proper remedy. If relator had any right to relief, the proper remedy is *quo warranto* and not *mandamus*. *Ex parte Harris*, 52 Ala. 87 ; *State ex rel. Mead v. Dunne*, 1 Minor 46 ; *State ex rel. v. Paul*, 5 Stewart & Port. 40 ; 2 Dill. Munic. Corp. §§ 842, 844. It is true that where one has been unlawfully removed or suspended from an office to which he is legally entitled, *mandamus* will sometimes be awarded to

reinstate him. Such relief, however, will only be granted where the former title and possession is undisputed, and where the court is called upon to consider merely the rightfulness of the removal or suspension. Of this character is the case of *Ex parte Lusk* (82 Ala. 519,) cited by opposing counsel. 2. It is well settled that courts will take judicial notice of the charter of a municipal corporation, and of the authority it confers.—*Selma v. Mullen*, 46 Ala. 311; *Perryman v. Greenville*, 51 Ala. 507; *Albrittin v. Mayor*, 60 Ala. 486; *Mayor v. Wetumpka Wharf Co.*, 63 Ala. 611; *City Council v. Hughes*, 65 Ala. 201; *City Council v. Wright*, 72 Ala. 411. Where the charter prescribes that ordinances must be passed, or officers elected in a particular manner, as for instance, by a majority of all of the members of the council, or in case of a vacancy, by a majority of the remaining members thereof, it is essential to the validity of such action that a compliance with the terms of the charter should affirmatively appear. *Satterlee v. San Francisco*, 23 Cal. 314; *San Francisco v. Hazen*, 5 Cal. 169; *McCracken v. San Francisco*, 16 Cal. 591; *Pimental v. San Francisco*, 21 Cal. 351-362; *Wheel Co. v. Burnham*, 60 Iowa, 493; 1 Dill. Munic. Corp., 281; Horr & Bemis Mun. Ord., § 42. The charter in this case provides, that to pass an ordinance, "a majority of the whole number of members of the board shall be required," and to fill vacancies, that "vacancies occurring in the city council shall be filled by a majority vote of the remaining members thereof," and that "all elections by the city council shall be *viva voce*, on a call of the roll."—Acts of Alabama, 1888-9, pp. 602, 604, 617; *Steckert v. East Saginaw*, 22 Mich. 104; 1 Dill. Mun. Corp., § 291. 3. The authorities are uniform and conclusive to the effect that the city council has a right to direct the clerk to correct the minutes of a previous meeting so as to make them speak the truth.—*Chamberlain v. Dover*, 13 Maine, 466; 29 Am. Dec. p. 517; *Wells v. Battelle*, 11 Mass. 481; 1 Dill. Mun. Corp., 293, 297; *LaBourdette v. Municipality*, 2 La. An. 527; 1 Dill. Mun. Corp., § 282; *Lawrence v. Ingersoll*, 88 Tenn. 52; 17 Am. State Rep. 877; 15 Am. & Eng. Enc. of Law, p. 1077. 4. Cases cited by opposing counsel are not in point. They are cases where the city council was invested by statute with authority to declare the result of an election, and it was very properly held that when the result was once declared, their function in this behalf ceased, and its action could not be repudiated by the same council, especially could it not be done by an entirely new council.—*Kendall v. The City Council of Camden*, 47 N.

[Mayor and City Council of Anniston v. Davis.]

J. Law, 54 Am. Rep. 117 ; *Hadley v. The City of Albany*, 88 Am. Dec. 412.

CALDWELL & JOHNSTON, for appellee.    (No brief.)

COLEMAN, J.—The city council of Anniston is composed of eight councilmen, two from each ward of the city.    On the 19th day of May, 1892, R. J. Riddle who was a member of the council from ward No. 1, tendered his resignation, which was accepted by the mayor and council, then in session.    An election was held for the purpose of filling the vacancy caused by his resignation.

The minutes of the council meeting at which these proceedings were had are as follows:

Council chamber Anniston, Ala., May 19th, 1892.    Present, Jas. Noble, Sr., Mayor, and Councilmen R. J. Riddle, W. H. Weatherly, G. W. Jones, T. G. Dunn, N. H. Reid, D. M. Sawyer.

Absent Councilmen, A. S. Johnston, T. H. Slaughter. Mr. R. J. Riddle tendered his resignation as a member of the city counsel, which   ·   ·   was accepted.

An election was held to fill the vacancy.   ·   ·   For this position Mr. Weatherly nominated Mr. W. A. Davis, and he was unanimously elected to fill said vacancy."

Attest Geo. T. Anderson.        Approved
                Clerk.        James Noble, Sr. Mayor.
Council Chamber, Anniston, May 27th, 1892.

Present, James Noble, Sr., Mayor and Councilmen W. A. Davis, W. H. Weatherly, G. W. Jones, N. H. Reid, D. M. Sawyer.    The minutes of the last regular and called meeting were read and approved.

Attest Geo. T. Anderson,        Approved
                Clerk.        James Noble, Sr., Mayor.

The charter in section 4, provides that "vacancies occurring in the city council shall be filled by a majority vote of the remaining members thereof."    And in section 15, "All elections by the city council shall be by *viva voce*, on the call of the roll."

At a regular meeting of the council held Sept. 23rd, 1892, N. H. Reid and G. W. Jones two of the councilmen, in a protest to the council, stated that W. A. Davis had never been legally elected as a member of the council, that at the time of his supposed election, there were present only five councilmen, three of whom, Weatherly, Dunn and Sawyer, voted for Mr. Davis, that Jones did not vote, and that Reid voted against him.    A resolution was then adopted, declar-

Vol. 98.

[Mayor and City Council of Anniston v. Davis.]

ing that Mr. Davis had not been legally elected, and the
vacancy, caused by the resignation of R. J. Riddle was still
vacant. An election was then held to fill the vacancy, and
Mr. R. H. Stickny, having received four votes was declared
duly elected. A resolution was then introduced to correct
the minutes of May 19th, 1892, "to make them speak the
truth, and show the facts as set forth in the protest, by
striking out the word "unanimously," in the minutes of the
election of W. A. Davis. Five of the councilmen exclusive
of Mr. Stickny voted for the adoption of the resolution.
The minutes of the meeting of May the 19th, 1892, were
corrected by resolution of the council to read as follows:
"Mr. R. J. Riddle tendered his resignation as a member of
the city council, which on motion of Mr. Weatherly was ac-
cepted. An election was held to fill the vacancy caused by
the resignation of Mr. Riddle. For this position Mr. Weath-
erly nominated Mr. W. A. Davis. The question being put
by the chair Mr. Davis was voted for by councilmen Weath-
erly, Dunn and Sawyer. Of the other two members present
councilman Reid voted no, and councilman Jones did
not vote. Attest Geo. T. Anderson, Clerk. Approved James
Noble, Sr., Mayor."

Thereupon Mr. Davis filed his petition praying for a
writ of *mandamus* to be directed to the mayor and coun-
cil, commanding that he be restored to his said office as
councilman, with its rights and privileges. The petition
sets out the facts substantially as we have stated them.
Upon the filing of the petition a rule *nisi* was ordered.
To the petition there was a demurrer, and the demurrer
having been overruled an answer was filed, in the nature of
a return to the rule *nisi*, setting out substantially the same
facts. A demurrer was sustained to the answer, or return,
to the *nisi* and a peremptory writ issued as prayed for in
the petition. It will be noticed that the common council
is composed of eight members. At the meeting at which
Davis was elected only five members were present. To fill
the vacancy, occasioned by the resignation of Riddle, by
the terms of the charter, "a majority vote of the remaining
members" was necessary. The minutes of the council as
corrected show that only three members, one less than a
majority of the remaining members voted for Mr. Davis. If
this be true he was never legally elected. The council have
no authority to disregard the charter provision. No subse-
quent approval or ratification could legalize or make valid
a disregard of this mandate of the charter. The rule that
a majority of a quorum, controls, has no application, under

such a provision.—*Lawrence v. Ingersol,* 88 Tenn. 52; 17 Am. Dec. 870.

The main question, and about the only material one, presented, is, whether the City Council had the power at a subsequent meeting to correct the minutes of the meeting held on the 19th of May, 1892, at which Mr. Davis, was elected, so as to show that his election was not "unanimous" and that in truth only three members of the council voted for his election, and if so, what effect did the minutes when thus corrected, have upon his claim to the office of councilman. We are of opinion that the common council was fully authorized to correct its minutes, so as to make them speak the truth, and this conclusion finds support in all the adjudicated cases we have been able to examine. Whether the correction shall be allowed to affect rights which have become vested in the interim presents altogether a different question. The correction can and should be made. The extent of the application of the corrected minutes, must depend upon the circumstances to be affected. In the case before us, no question is presented, of rights acquired under or in consequence of the minutes of the meeting of May 19th, 1892, as first entered upon the journal. The power of the council to correct its minutes at a subsequent meeting is discussed at length in the following authorities : 3rd Ed. 1 Dillon, § 293, § 297, and notes ; 15 Amer. & Eng. Encyc. 1077, § 7 and notes. The petitioner does not deny, that the minutes as corrected speak the truth. On the contrary his demurrer to the answer and return of the respondents admit that only three votes were for his election. His contention is, that the council, once having declared that he was "unanimously" elected, had no power over its minutes at a subsequent council meeting although held *by the same members of the council.* In this, petitioner has mistaken the law. If in point of fact, the minutes as entered of the meeting of May 19th, 1892, at which time he was declared to be elected, were correct and spoke the truth, petitioner has his remedy. By direct proceeding for that purpose, he may have the minutes of the council meeting of the 23rd of September, 1892, set aside and annulled, and the minutes of May 19th, 1882, restored. This would leave him a lawfully elected councilman, and if unlawfully removed by the mayor and council, he would be entitled to the writ of *mandamus.* The authorities are numerous to this proposition. *Ex parte Lusk,* 82 Ala. 519 ; *Carter v. The City of Durango,* 25 Amer. St. Rep. 294; *Knox County v. Johnson,* 124 Ind. 145; 19 St. Rep. 88. So long as the

minutes of the meeting of September 23d, 1892, remain as the minutes of the council, they can not be impeached or varied in a collateral proceeding by parol testimony, and are a complete answer to the petitioner's prayer for a writ of mandamus.

The pleadings show an effort by one who was for a time a *de facto* officer by *mandamus* to compel his restoration to an office, held by a *de jure* officer, and the decision of the court upon the pleadings, was to the effect that this could be done. In this the court was in error. We can not say whether petitioner desires or can amend his petition, or whether he desires to take issue upon the facts set up in the answer to his petition, and which we have held, if sustained by the proof was sufficient in law. We will reverse and remand the case, so that it may be determined in accordance with the principles herein declared.

Reversed and remanded.