173 So. 853

## STREATER v. TOWN OF TOWN CREEK.

### 8 Div. 738.

Supreme Court of Alabama.

April 15, 1937.

Wert & Hutson, of Decatur, and Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

W. L. Chenault, of Russellville, for appellant.

**FOSTER, Justice.**

This is a bill filed to quiet the title to real estate. It contains the averments required by section 9905, Code, to give the court the power there described. It then sets out the fact that respondent, a municipal corporation, undertook to improve certain streets and sidewalks, and assess the cost against the property owners. It then sets out certain alleged defects in the proceedings, and called upon respondent to assert its claim, and prayed a removal of the cloud cast on his title.

The court sustained a demurrer to the bill with an opinion showing that it was based on the fact that it appears from its averments that the proceedings were void on the face of the record. Thereupon complainant amended the bill by striking all reference to the street improvement project, and left it as one purely statutory. The court overruled demurrers to it. The respondent then answered, setting up the proceedings conducted for the street improvement, and asserting a lien for the amount assessed as to complainant's property.

The bill was again further amended, but without notice to respondent, alleging certain defects in the proceedings as contended by complainant. Without a demurrer or answer, the evidence was then taken and the cause ordered submitted on the pleadings and proof. The submission was then

set aside on motion, and respondent allowed to demur to the bill as thus amended. The court sustained the demurrer with an elaborate opinion showing in what respect the complainant could not thus attack the assessment proceeding.

Complainant then again amended the bill, the effect of which was to eliminate all reference to the assessment, making it simply a statutory bill. Respondent demurred to the bill, and moved to dismiss the cause. But without a ruling, complainant again amended the bill by making certain allegations as to the legality of the improvement assessment. It was again submitted on demurrer to the bill as last amended, and it was sustained and the bill dismissed.

The assignments relate to the rulings on demurrer.

The foregoing recital makes it clear that the whole purpose of the bill is to test the legality of the assessment proceeding.

It was made clear in City of Birmingham v. Wills, 178 Ala. 198, 217, 59 So. 173, 179, Ann.Cas.1915B, 746, reaffirmed in Grant v. City of Birmingham, 210 Ala. 239, 97 So. 731, and in Commonwealth Life Ins. Co. v. First National Bank, 230 Ala. 257, 160 So. 260, that it is not appropriate to use the statute providing a remedy to quiet title, "to shift the burden of averment and proof in respect to the validity of the assessment proceeding contrary to the spirit and letter of section 1381 [now section 2196] of the Code and the decisions on that point to which we have referred." Since the Wills Case, supra, it has been uniformly held that if the jurisdictional proceedings were observed, and notice given as required by law, the property owner is estopped to deny the regularity of the proceedings to the extent that he could have contended by authority of section 2196, Code, as amended by Laws 1927, p. 765, § 25. Wynn v. First National Bank of Dothan, 229 Ala. 639, 159 So. 58; Jones v. City of Dothan, 230 Ala. 103, 159 So. 689, and cases cited in them.

If the bill as amended cannot meet the test thus asserted, it should not stand against demurrer, though it contains the averments required by section 9905 et seq., Code, when its evident purpose is solely to vacate the improvement assessment.

Moreover, this is a bill in equity to remove a cloud. If the proceeding is void on its face, it creates no cloud, and if the record shows a failure to comply with the jurisdictional requirements, equity will not

remove it as such a supposed cloud. Town of Elba v. Cooper, 208 Ala. 149, 93 So. 853; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14. If the invalidity appears on the face of the proceedings, they may be quashed on certiorari. Walton v. City of Mobile, 232 Ala. 200, 167 So. 247; Byars v. Town of Boaz, 229 Ala. 22, 155 So. 383.

■ If the record is consistent with the jurisdictional requirements, but they in fact did not exist, equity may provide relief (Walton v. City of Mobile, supra), so long as it does not contradict recitals in the minutes, which cannot be contradicted, but which may be corrected so as to speak the truth when a proper proceeding is begun for that purpose. Penton v. Brown-Crummer Inv. Co., supra, (syl. 15 to 22). The averments in respect to defects must be precise, and not a mere conclusion of the pleader.

■ Neither the original bill nor its amendments asserted that complainant did not have notice and an opportunity to file objections or defense to the final assessment, or that he did not appear and protest, and that such protest was not acted on by the town council. So that the court will presume that such matters occurred in a way and manner to estop appellant, except in respect to those which are essential to the jurisdiction of the council in thus proceeding. This court has repeatedly defined the steps which are essential to such jurisdiction. One of them is the adoption of an initial ordinance required by section 2176, Code, as amended by Laws 1927, p. 757, § 5. Byars v. Town of Boaz, supra; First National Bank of Dothan v. Fountain Motor Co., 227 Ala. 133, 137, 148 So. 817; City of Birmingham v. Wills, supra.

■ The allegation of the last amendment is that the town did not adopt an ordinance "in substantial compliance" with it. No averment is made showing the particular in which it is not in substantial compliance. The allegation in that respect is but the conclusion of the pleader, and not sufficient. Moreover, such defect may be manifest upon the face of the record. The same insufficiency of averment is true in alleging a failure to comply with sections 2177 and 2178, Code, as amended by Laws 1927, pp. 758, 759, §§ 6, 7. The authorities do not, however, class their requirements as jurisdictional. Nashville, C. & St. L. Ry. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195; First National Bank of Dothan v. Fountain,

supra. Our cases declare that the requirements of section 2190, Code, as amended by Laws 1927, p. 764, § 19, with respect to the roll or list of owners is jurisdictional, and though such roll need not appear on the minutes, it must have an existence as an essential feature of the notice to be given to property owners. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Walton v. City of Mobile, supra.

■ The allegation in this connection is that the town council did not comply with sections 2190 and 2191, Code, as amended by Laws 1927, p. 764, §§ 19, 20, with reference to the roll or list of owners. This is an insufficient allegation, since it does not specify the particular in which there was no compliance.

The bill also attempts to allege a failure to comply with section 2192, Code, as amended by Laws 1927, p. 764, § 21, requiring a delivery of the roll to the clerk, and notice by publication, and which is also jurisdictional. Jasper Land Co. v. City of Jasper, supra. But taking that averment altogether, as we interpret it, it means to allege that the roll was not as provided by section 2192, as amended, and the notice was not as full as required by section 2194, as amended by Laws 1927, p. 764, § 23. It does not allege that no effort was made at compliance with those requirements, but that they were insufficient without asserting in what respect it was so claimed.

■ With respect to a compliance with section 2199, Code, as amended by Laws 1927, p. 766, § 28, requiring the council to fix the amount of each assessment, the bill alleges that the council did not proceed to fix such amount as provided for by section 2199, as amended. If there is no such assessment, the whole proceeding would be incomplete and ineffectual on its face, and cast no cloud on complainant's title. But we do not understand that such allegation was intended, but only that in some respect not stated, it was not done in detail as thus required.

In either aspect of such averment the specific charge is subject to demurrer. The demurrers point out the several respective defects in averment. The court in rendering several decrees on demurrer made clear what is necessary to give the bill equity. Complainant amended the bill many times, but consistently refused to rely simply on a statutory bill to quiet

136

title. The various features which sought to attack the assessment proceedings were not sufficiently averred. The decree sustaining the demurrer to the bill as finally amended, and dismissing the cause, was in term time, and without an offer to amend further. Moreover, appellant does not complain that he was not given the right to make another amendment.

We think that no prejudice appears to have resulted from the dismissal or the rulings on demurrer. Commonwealth Life Ins. Co. v. First National Bank, supra.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.