191 So. 216
### HARRIS v. TOWN OF EAST BREWTON.

#### 3 Div. 300.

Supreme Court of Alabama.

June 29, 1939.

Rehearing Denied Oct. 12, 1939.

403

H. C. Rankin and Hugh R. Williams, both of Brewton, for appellant.

A. H. Elliott, of Brewton, for appellee.

FOSTER, Justice.

This is an action begun by summons and complaint on April 10, 1937, and seeks a recovery of $100 in count 1 for the license charge claimed against defendant as a retail dealer in beer for the year beginning January 1, 1937, under a license ordinance of the town. Count 2 claimed a like amount for the wholesale dealer's license. The other counts need no special mention.

An attachment was issued on the occasion of the filing of the summons and complaint. They were both issued and executed on the same day.

There was a motion to quash the attachment because there was a variance between the affidavit and writ, and because no ground is set out on which an attachment was authorized by law. Defendant also filed pleas to the complaint and later filed demurrers.

On September 6, 1937, the court entered a judgment dissolving the attachment on the motion of defendant. It also recites that thereupon plaintiff amended his writ of attachment, and then the court overruled defendant's motion to dissolve the attachment, and then recites that by leave of the court plaintiff takes a non-suit.

On September 27, 1937, plaintiff moved the court to set aside the non-suit and reinstate the cause on the ground, mainly, as we gather from the motion, that plaintiff then had evidence not available when the non-suit was taken consisting of a resolution of the town council of East Brewton, amending and correcting the minutes of said council of April 1 and 5, 1937, to show that the ordinances under which the license charge was made, as claimed in counts 1 and 2, supra, were fully and legally passed.

On November 29, 1937, the court overruled demurrer to this motion, and on a hearing granted it, set aside the non-suit, and reinstated the cause on the docket. On July 19, 1938, the cause came on for hearing by the court without a jury on the pleadings and evidence taken in open court; and a judgment was rendered for plaintiff for $100 as a wholesaler, and $100 as a retailer, and sustained defendant's motion to vacate the attachment on the truck levied upon. There was no condemnation of the other property levied upon, and the judgment had no other features. A motion for a new trial was overruled. The defendant has brought this appeal.

The first contention made is that the court should have quashed the attachment as amended. The record does not show the terms of the attachment as amended, or in what respect the proceedings were amended.

As originally filed the affidavit for attachment did not specify any ground set out in section 6173, Code, and was directed against the estate generally of defendant as debtor. Neither the affidavit nor writ showed that it was to enforce a lien under section 2172, Code, and the writ was not directed to the property on which it was claimed a lien may have existed. This should be done, otherwise it is controlled by the provisions of the statute applicable to attachments generally. Cooper v. Owen, 230 Ala. 316, 161 So. 98. On that basis if the affidavit is insufficient, a plea in abatement of the attachment proceedings is the proper remedy. Section 6212, Code; Mann Lumber Co. v. Bailey Iron Works, 156 Ala. 598, 47 So. 325; Cooper v. Owen, supra; Ellis v. Martin, 60 Ala. 394. No question is therefore here properly presented for our consideration in that connection.

Appellant also insists that the trial court erred in permitting the non-suit, and then in reinstating the cause after plaintiff voluntarily took the non-suit. The record does not show that plaintiff took a non-suit on account of the adverse rulings of the court.

Ordinarily plaintiff may take a non-suit, but with the right of the court to supervise its exercise, so as not to prejudice others or the public. White v. Nance, 16 Ala. 345; Ex parte Harry T. Hartwell, ante, p. 62, 188 So. 891; Butler Cotton Oil Co. v. Brooks, 208 Ala. 386, 94 So. 518.

This non-suit was taken by authority of the court, and in granting the order, it is not made to appear that defendant suffered any prejudice. 18 Corpus Juris 1148 (5). So likewise, the court had the power, in its discretion, not arbitrarily exercised, to set aside the non-suit and reinstate the cause, when done within the time allowed by statute. Section 6670, Code; Ex parte Fidelity & Deposit Co., 223 Ala. 98, 134 So. 861; 18 Corpus Juris 1172.

It appears from the motion to reinstate that after the non-suit, certain corrections were made in the minutes of the town council by a resolution adopted by it.

We infer that it was on account of a defect supposed thereby to be corrected, that the non-suit was taken and set aside when the defect was remedied. We may draw such inference to support the judgment, the contrary not appearing. But whether they were defective or not, as they appeared when the non-suit was taken, section 1993, Code, if the court so ruled, or if there was doubt of a substantial sort, and plaintiff was not willing to take the chances and the court refused to continue the trial until there could be a proceeding to correct the minutes, the non-suit was the only available recourse to plaintiff. Then when the proceeding had been effected to correct the minutes, and the power still remained with the court, it was not arbitrary, we think, to set aside the non-suit and reinstate the cause.

■ The town council had the power to make its minutes recite correctly what took place, though they may have been incomplete or erroneous as at first written. As originally written, or as corrected in a formal manner, they cannot be impeached collaterally. Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14.

■ When corrected, they speak as of the day when the acts are recited therein to have occurred. Mayor, etc., of City of Anniston v. Davis, 98 Ala. 629, 13 So. 331, 39 Am.St.Rep. 94; Alabama City, etc., R. Co. v. City of Gadsden, 185 Ala. 263, 64 So. 91, Ann.Cas.1916C, 573; 43 Corpus Juris 517. Even though at the time the act which is controlled by the proceeding was done, the minutes were incomplete or erroneous. 2 McQuillin on Municipal Corporations, 512, 513, note 3, last paragraph of section 659.

It is also insisted that the town cannot impose a license charge against one for conducting a wholesale beer business, and another charge against the same person for conducting a retail beer business, though not under the same roof, because there is no provision in the Alcoholic Beverage Control Act of February 2, 1937, page 40, for issuing licenses by the State to conduct such separate businesses.

■ The authorities hold that a town may ordinarily impose and collect a license tax on a business which, as conducted, may be made unlawful by State statute. State ex rel. Melton v. Rombach, 112 Miss. 737, 73 So. 731; Diamond v. State, 123 Tenn. 348, 131 S.W. 666; Foster v. Speed, 120 Tenn. 470, 111 S.W. 925, 22 L.R.A.,N.S., 949, 15 Ann. Cas. 1066; Youngblood v. Sexton, 32 Mich. 406, 20 Am.Rep. 654. But it is settled in this State that this cannot be done when such conduct of the business contravenes the established public policy of the State. City of Tuscaloosa v. Hanly, 227 Ala. 513, 150 So. 499.

We have not been cited to any feature of the Alcoholic Beverage Control Act which prohibits the issuance of a retail beer license to one to whom a wholesale beer license is or may be issued, provided the two forms of business are not conducted under the same roof. See, section 43 (1), page 77; section 19 (2), page 58; section 21 (c), (1 and 2), page 61, General Acts of 1936–37.

■ Certainly there is in the Act no such definite features which show a fixed public policy which would not sanction the licensing by a town of a wholesale and a retail beer business not under the same roof or on the same premises, though they are conducted by the same party.

Appellant had a wholesale dealer's license in beer but not a retail dealer's license. He conducted a filling station, and in connection sold at retail soft drinks and beer as one aspect of the business, as the evidence shows. It is not clear whether the wholesale business was in the same building, but we infer that it was not. There was no point made on that.

There are other questions raised, and some are argued in brief, but we do not think they are well taken, and are not of such importance as to call for a discussion by us.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.