191 So. 403

**HARRIS v. THOMPSON, Mayor, et al.**

3 Div. 812.

Court of Appeals of Alabama.
June 30, 1939.

Rehearing Denied Oct. 3, 1939.

Hugh R. Williams and H. C. Rankin, both of Brewton, for appellant.

A. H. Elliott, of Brewton, for appellees.

SAMFORD, Judge.

The petitioner in this case filed his petition for writ of mandamus in the Circuit Court of Escambia County, Alabama, setting up the facts relied upon for a permanent writ and praying the issuance of a preliminary writ returnable before the court. Upon presentation, the court made and entered an order denying the issuance of a preliminary writ and dismissing the petition. From this final order petitioner brings this appeal.

This is petitioner's proper remedy. Code of 1923, § 6085; Mayfield v. Court of County Commissioners, 148 Ala. 548, 41 So. 932; Ex parte Campbell, 130 Ala. 171, 30 So. 385.

The main question, and about the only material one, presented is whether or not the Town Council had the power at a subsequent meeting to correct the minutes of a meeting held April 1, 1937, and April 5, 1937, so as to make the minutes of the Council to show that the two ordinances adopted at the former meeting were passed in accordance with Section 1993 of the Code of 1923, which provides, among other things, " * * * no ordinance or resolution intended to be of permanent operation shall be adopted by the council at the same meeting at which it is introduced, unless unanimous consent of those present is given for the immediate consideration of such ordinance or resolution, such consent to be shown by a vote taken by

yeas and nays, and the names of the members voting to be entered upon the minutes, and no ordinance or resolution intended to be of permanent operation shall become a law unless on its final passage a majority of the members elected to said council * * * shall vote in its favor."

On September 23, 1937, the Town Council of the town of East Brewton, Alabama, met in special session in the Town Hall of said municipality and amended the two ordinances to comply with Section 1993 of the Code of 1923, supra.

■ It is conceded that the two ordinances as originally passed and as shown by the minutes were defective. Where such is the case, defective minutes of municipal proceedings in Councils or Boards may be amended.

■ Indeed it is the right and duty of the Municipal Board to amend its minutes so as to make them speak the truth, and this right to amend is very broad. Webb v. Strobach, 143 Mo.App. 459, 127 S.W. 680.

■ In a similar case to the one at bar, the Supreme Court of this State said: "We are of the opinion that the common council was fully authorized to correct its minutes so as to make them speak the truth, and this conclusion finds support in all the adjudicated cases we have been able to examine. Whether the correction shall be allowed to affect rights which have become vested in the interim presents altogether a different question. The correction can and should be made." Mayor and City Council of Anniston v. Davis, 98 Ala. 629, 634, 13 So. 331, 332, 39 Am.St.Rep. 94.

The case of Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14, on rehearing, is not in conflict with the above. That opinion recognizes the rule as laid down in Second Quillen, Municipal Corporations, Section 658, and other text authorities of similar import.

As to any intervening rights arising in the interim, between the date of the original minutes and the date of the correction, raises another question not involved in this proceeding.

■ ■ The minutes of the Town Council, as set out in the petition, sufficiently show a compliance with Section 1993 of the Code of 1923, and being certified by the Custodian, as is also shown in said petition, discloses a valid enactment as amended by the Town Council.

The Circuit Judge did not err in declining to grant the preliminary writ, and his action in denying the petition is hereby affirmed.

Affirmed.