39 So.2d 567

## CITY OF GUNTERSVILLE v. WALLS.
### 8 Div. 477.

Supreme Court of Alabama.
March 24, 1949.

Starnes & Starnes, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellee.

68

LIVINGSTON, Justice.

The city of Guntersville, a municipal corporation organized under the laws of the state of Alabama, instituted this suit in the Circuit Court, in Equity, of Marshall County, seeking an injunction restraining Oliver J. Walls from violating Zoning Ordinance No. 231 of said city. The alleged violation was that Walls began the erection and construction of a building in which he proposed to operate a corn sheller, without having first filed an application for, and obtained, a zoning building permit as required by said ordinance.

The bill was sworn to. Respondent interposed demurrers to the bill, which were overruled. He then answered, admitting all of the allegations of the bill, except those contained in paragraphs 3, 6, 7, and 8, which he categorically denied under oath. There are no cross assignments of error, and the ruling on demurrer is not before us. The trial court denied a temporary restraining order, and set the cause down for hearing on bill and answer.

Because of the rejection of certain evidence proffered by complainant, the cause must be reversed.

Section 369, Title 7, Code of 1940, provides:

"Ordinances, by-laws and resolutions purporting to be published by authority of the council or other governing body, in book or pamphlet form, and any written or printed book, code or revision of the by-laws, resolutions or ordinances of any municipal corporation of this state purporting on the face of the book or pamphlet to be written or printed by authority, or to be a code of ordinances, resolutions or by-laws of such municipal corporation, or certified on such book or pamphlet under the hand of the clerk or recording officer of such corporation, as being an official publication of ordinances, resolutions, or by-laws of such municipal corporation, and any such book or pamphlet certified by such official as correct, shall be prima facie evidence of the due adoption, publication, and continued existence of the by-laws, resolutions or ordinances therein written or printed, or certified as correct, as of the dates mentioned or provided for therein, in any of the courts, or in any legal proceedings in this state, without further proof."

Ordinance Book No. 3 of the city of Guntersville, and containing zoning ordinance No. 231, was offered in evidence by complainant with specific reference to said ordinance No. 231. It bore the certificate required by section 369, supra, under the hand of the city clerk.

The specific objection made to the introduction of Ordinance Book No. 3 was as follows: (Mr. Lusk) "If the court please, I object to that because under the pleadings in this case there is still no proof that the ordinance was passed, adopted and approved pursuant to the Act of 1935. It is my position that complainant, having alleged that the ordinance was passed in pursuance to all those requirements, will have to show that those requirements were followed and that issue having been joined on those allegations, I believe the burden to be on the complainant in that respect." The court sustained the objection, and thereby committed error to reverse.

Section 369, supra, provides that an ordinance book, certified under the hand of the clerk or recording officer of such municipal corporation, as being an official publication of ordinances, resolutions or by-laws of such municipal corporation, and any such book or pamphlet certified by such official as correct, shall be prima facie evidence of the *due adoption, publication, and continued existence of the by-laws, resolutions or ordinances therein written or printed, or certified as correct,* as of the dates mentioned or provided for therein, in any of the courts or in any legal proceedings in this State, without further proof.

The burden of proof under the pleadings in this case was on complainant city. But the proffered ordinance book met that burden and made out a prima facie case. The burden of proceeding or going forward with the evidence, then shifted to respondent. The case made by the city is only prima facie, and may be defeated by a showing that the ordinance was not in fact duly and legally adopted. But that burden rests on respondent.

While the foregoing is sufficient for a reversal of the case, in view of a retrial we think another ruling of the trial court sustaining objection to evidence offered by complainant should have our attention.

The following factual background is the basis of the court's ruling now discussed. On March 20, 1939, and for sometime prior thereto, the city of Guntersville functioned under what is generally known as the "Aldermanic" form of government. At a meeting of the council on March 20, 1939, Zoning Ordinance No. 231 was introduced Thereafter at a meeting of the council on April 3, 1939, the ordinance was read and discussed and, on motion, action thereon deferred until the next regular meeting of the council. At a regular meeting of the council on April 17, 1939, the ordinance was again discussed and action thereon deferred until April 21, 1939, to which date the regular meeting of April 17th was regularly adjourned. On April 21st the ordinance was adopted. In May 1946, the city of Guntersville changed from the "aldermanic" to the commission form of government. On August 31, 1948, at a regular meeting of the board of commissioners of the city of Guntersville, resolutions were adopted to amend the minutes of the meetings of the city council held on March 20th, April 3rd, April 17th and April 21st, 1939. The minutes of the meeting of the commission held on August 31, 1948, showing the amendment of the minutes of the several council meetings mentioned above, were offered in evidence. Respondent objected, assigning several grounds. The trial court pretermitted a consideration of all objections assigned, save that the city commission was without authority to amend the minutes of the council meetings of March 20th, April 3rd, April 17th and April 21st, 1939. The only question now considered is whether the city commission has such authority.

The general rule as to the amendments of the minutes of council meetings is stated in 37 Am.Jur. page 678, section 65, as follows:

"A municipal council may, at a subsequent meeting, if no intervening rights of third persons have arisen, order the minutes or record of its own proceedings at a previous meeting to be corrected according to the facts, so as to make them speak the truth, although the record has once been approved. On the other hand, an erroneous record of the proceeding of a municipal council cannot be corrected or amended to the destruction of rights acquired under it in good faith, without notice of the error. Conceding the existence of the power of the same municipal council, at a subsequent meeting, to correct an error in the journal in relation to their proceedings at a previous meeting, it does not follow that a different council, whose only knowledge of the proceedings that actually occurred at a previous meeting of the board would have to be derived from the information of other persons, can properly exercise such a power."

Whatever may be the rule elsewhere, this Court has held that if the records of the city council do not speak the truth, they should be made to do so, for the council has the right at a subsequent meeting to amend them, and if the council should fail to do so on proper petition, mandamus will lie to require it. Mayor, etc., of City of Anniston v. Davis, 98 Ala. 629, 13 So. 331,

39 Am.St.Rep. 94; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14; Harris v. Town of East Brewton, 238 Ala. 402, 191 So. 216; Harris v. Thompson, 29 Ala.App. 38, 191 So. 403; McQuillin Municipal Corporations (2d Ed.) sections 656, 657 and 658. And in Penton v. Brown-Crummer, supra [222 Ala. 155, 131 So. 19] it was said: "Any errors in such records may be corrected at any subsequent session of the council. It does not lose control of its minutes by the lapse of any definite time, as with the courts."

■ If no intervening rights of third persons have arisen a subsequent council, or the city commission where there has been a change from the "aldermanic" to a commission form of government, may order the minutes to be corrected according to the facts, so as to make them speak the truth.

■ In providing for the change from the "aldermanic" to the commission form of government, it seems that the legislature must have had this in mind as is evidenced by the broad and specific language employed as to the rights, powers, privileges, duties and liabilities of the city commission after such a change.

In Title 37, Code of 1940, it is provided:

"Sec. 45. The commissioners of such city, to be known as the board of commissioners of such city, shall have, possess and exercise all the powers and authority, legislative, executive, and judicial, possessed and exercised by the mayor and board of aldermen and board of police commissioners, and any and all other boards (except board of education), commissions and officers of said city of any and every sort whatsoever; and all such boards, commissions and officers (except those provided for by this article) shall then and thereby be abolished and the terms of office of any and all such officers or officials shall then and thereby cease, except boards of education. Such city shall continue its existence as a body corporate under the name of 'City of ———' (inserting the name of such city). It shall continue to be subject to all the duties and obligations then pertaining to or incumbent upon it as a municipal corporation, and shall continue to enjoy all the rights, immunities, powers, and franchises then enjoyed by it, as well as those that may thereafter be granted to it.

"Sec. 46. All laws governing such city and not inconsistent with the provisions of this article shall apply to and govern said city after it shall be come organized under the commission form of government provided by this article. All by-laws, ordinances and resolutions lawfully passed and in force in any such city under its former organization shall remain in force until altered or repealed, according to the provisions of this article.

"Sec. 47. The territorial limits of such city shall remain the same as under its former organization, except that all divisions into wards of such municipality as adopts this article shall be discontinued, and all commissioners shall be elected at large.

"Sec. 48. All rights, powers and property of every description which were vested in it shall vest in it under the organization herein provided for as though there had been no change in the organization of said city; and no right or liability, either in favor of it or against it, and no suit or prosecution of any kind shall be affected by such change, unless otherwise expressly provided for by the terms of this article.

"Sec. 49. All employees of said city and all officials except those whose terms of office are abolished by this article shall continue in office until otherwise provided by said board of commissioners of said cities."

As indicated in section 65 of 37 Am.Jur., there is perhaps some authority to the effect that a different and subsequent council cannot amend the minutes of a prior city council. But our cases have not placed such a limitation on the right to amend; and we can see no good reason to so limit the right.

For the errors pointed out, the cause must be reversed and remanded.

Reversed and remanded.

All the Justices concur, except GARDNER, C. J., not sitting.