BRADLEY, Judge.
On July 19,1971 appellee, Town of Cherokee, enacted into law local improvement ordinance no. 175-B for the construction of a sanitary sewer system within the town’s corporate limits. The ordinance was so phrased as to comply with §§ ll-48-5(a), (b) and 11-48-6 of the 1975 Code of Alabama. Section five of the ordinance provided that:
The cost of constructing and installing the said sanitary sewers and appurtenant improvements shall be assessed in fair proportion against the frontage of the property drained, served or benefitted thereby; provided, that no assessment shall exceed the cost of the said improvements or the increased value of such property by reason of the special benefits derived from such improvements.
The entire ordinance was published once a week for two consecutive weeks in the Florence (Alabama) Times Tri-Cities Daily, a newspaper of general circulation in Cherokee, and a copy of the ordinance was sent by registered mail to each of those property owners last assessed for municipal taxes by appellee. On August 16, 1971 appellee’s town council heard, considered, and disallowed all objections to the proposed construction of the system and the character of the materials to be used in constructing same raised by all property owners in the town whose property would be affected to any degree by such construction activity. That same day, the council ratified ordinance no. 175-B and directed that a notice requesting bids from contractors for the construction of the system be published once a week for two consecutive weeks in the Times Tri-Cities Daily. No further action was taken in connection with the project, however, until the spring of 1974.
A new notice requesting bids from contractors for construction of the aforementioned project was published in the Times Tri-Cities Daily on March 8 and March 15, 1974. On March 25, 1974 Matthews & Fritts, Inc. of Florence, Alabama, submitted a bid on the project of $777,740.50. This was the only bid on the project received by appellee. Appellee’s town council awarded a contract to Matthews & Fritts for construction of appellee’s sewer system in the amount of $690,198.75 on April 1,1974. On October 1,1974 the council adopted an ordinance whereby appellee agreed to sell to the Farmers Home Administration (hereinafter referred to as the FHA) $500,000 in negotiable public improvement notes. Payment of the principal and interest on such notes would be secured in part by assessments which would be made against all properties benefited by the construction of the sewer system. All proceeds from the sale of these notes to the FHA would be applied to the cost of constructing the system. A notice of delivery of an assessment roll was published in the Colbert County Reporter on June 29, 1977. The town’s engineer apparently prepared a list containing the name of each property owner whose parcel or parcels of realty were improved by the installation of a portion of the system upon his property or properties, a description of each parcel, and the fractional cost of the improvement to be assessed against each parcel. This list was then entered into an assessment book for local improvements which was, in turn, delivered to appellee’s town council. On July 21, 1977 appellee’s *550 town council convened for the purpose of hearing any objections of any property owner to any assessment levied on any of his property improved by the installation of any portion of the system thereon. No written or oral notice of objection to any assessment was filed with the council at this time. However, the council elected to defer any “final ruling” on the validity of any assessment until its next regular meeting on August 2,1977. All property owners desiring to contest any sewer assessments on their lands were permitted to file written protests with the town clerk at any time before or during the August 2 meeting.
Appellant presently owns two tracts of land within the corporate limits of the town of Cherokee. Tract one abuts U. S. highway 72 while tract two abuts Mount Hester Road. Appellee assessed appellant $7,984.77 on tract one and $5,118.44 on tract two for the cost of installing a portion of its sewer system on each of the tracts. Mr. Weaver objected to the amount of these assessments in a written protest which he filed with the town council at its August 2 meeting. The council overruled this protest but did not thereafter at any time adopt an order or resolution determining the amount to be assessed against each landowner for the cost of installing a portion of appellee’s sewer system on his property. Pursuant to § 11-48-36 of the 1975 Code of Alabama, Mr. Weaver appealed from the council’s decision overruling his written objection to the amount of his assessments to the Circuit Court of Colbert County for a trial by jury. Before any witness testified in this cause, however, appellant alleged that the § 11-48-39 transcript of appellee’s assessment proceedings which it had previously filed with the circuit court failed to demonstrate, inter alia, that appellee had complied with §§ 11-48-20 to -22. and 11-48-29 of the 1975 Code of Alabama in assessing appellant’s properties for the cost of constructing part of its sewer system thereon. The circuit court found this allegation to be without merit.
At the close of appellee’s case in chief, appellant moved for a directed verdict in his favor on the grounds that appellee’s town council failed to comply with §§ 11— 48-9, 11-48-14, and 11-48-16 of the 1975 Code of Alabama in assessing tracts one and two for the cost of installing a portion of its sewer system on both tracts. The circuit court denied this motion and submitted the case to the jury, which found the proper assessment against tract one to be $4,000 and that against tract two to be $5,118.44: Within thirty days of the rendition of these verdicts, appellant filed a written motion for judgment notwithstanding the verdict or, in the alternative, for a new trial alleging as grounds therefor, inter alia, that:
11) The Appellee’s transcript, minute book and the testimony taken in this cause fail to show that the Appellee complied with the provisions of Section 11-48-20, Code of Alabama 1975, in that said proceedings fail to show that after the completion of the improvements there was caused to be prepared a roll or list showing the names of the property owners and opposite each name a description of each lot or parcel of land proposed to be assessed for such improvements belonging to such owner or owners and the amount proposed to be assessed against each lot or parcel of land.
12) The Appellee’s transcript, minute book and the testimony taken in this cause fail to show that the Appellee complied with the provisions of Section 11— 48-21, Code of Alabama 1975, and “assessment book for local improvements”, was prepared in accordance with such code section.
13) The Appellee’s transcript, minute book and the testimony taken in this cause fail to show that the Appellee complied with the provisions of Section 11-48-21, Code of Alabama 1975, in and [sic] that the “assessment book for local improvements” was, if completed, delivered to the City Clerk and that notice of such delivery was given as provided for in said code section.

*551 17) The Appellee’s transcript, minute book and the testimony taken in this cause fail to show that the Appellee complied with the provisions of Section 11-48-29, Code of Alabama 1975, and to show that a meeting was held by the Appellee wherein an [ordinance] or resolution to fix the amount of the assessment against each lot or tract of land described and included in said assessment [roll] was held and that such action was taken.
From the denial of this motion by the circuit court, appellant has prosecuted this appeal contending, in part, that the trial court erred to reversal in refusing to enter a judgment n. o. v. in his favor or to award him a new trial since appellee’s town council minutes book, a transcript consisting of selected portions of this book, and other testimony failed to show that appellee had complied with §§ 11-48-20 to -22 and 11-48-29 of the Code in assessing appellant’s lands for the cost of installing a portion of its sewer system on these lands. We cannot agree that appellee failed to comply with §§ 11 — 48-20 to -22 of the Code in assessing appellant’s properties for the cost of installing portions of its sewer system thereon; but we do agree that appellee did not comply with § 11-48-29 in making the assessment. Hence, we reverse the judgment of the circuit court.
Section 11-48-20 of our Code provides as follows:
When any improvement made under the provisions of this article is completed, the mayor or other chief executive officer shall cause to be prepared a roll or list showing the names of the property owners and opposite each name a description of each lot or parcel of land proposed to be assessed for such improvement belonging to such owner or owners and the amount proposed to be assessed against each lot or parcel of land.
This list or roll, once completed, must be subsequently entered in a bound book in which each payment of an assessment on each piece of property assessed for an improvement must be entered. Code of Alabama 1975, § 11 — 48—21. After the list has been entered in this book, the book itself must be delivered to the city or town clerk “who shall thereupon give notice by publication one time in some newspaper published in said municipality or of general circulation therein that said assessment roll or list has been delivered to him and is open for inspection in the office of the person authorized to make collection of said assessments.” Code of Alabama 1975, § 11-48-22. If there is no evidence that a list or roll complying with the provisions of §§ 11-48-20 and 11-48-21 has been prepared and entered in a bound book and that this book has been delivered to the city or town clerk, who has in turn given the notice prescribed in § 11 — 48-22 at least one time in a newspaper published in the city or town or in a newspaper of general circulation therein, any assessment levied by the city or town against any property owner for a public improvement of the kind contemplated by § 11 — 48-5 of the Code is null and void, Nashville, Chattanooga & St. Louis Ry. v. Town of Boaz, 226 Ala. 441, 147 So. 195 (1933); however, if the minutes reflect that the notice required by § 11-48-22 was published in a newspaper, the presumption is that the roll of assessment had been delivered to the clerk and was open for inspection. Day v. City of Montgomery, 207 Ala. 644, 93 So. 609 (1922). Of course this presumption is rebuttable by evidence that the property owner had attempted to inspect the roll and had been denied access to it or that the roll was not open for inspection between the time of its alleged publication and the date of the hearing to which the notice required by § 11 — 48-22 refers. Id. Similarly, if there is no evidence that the city or town council has adopted an order or resolution fixing “the amount of [each] assessment against each lot or tract of land described and included in said assessment roll,” § 11 — 48—29, Code of Alabama 1975, any assessment levied by the council against the owner of a tract of land on the assessment roll for a public improvement of the kind specified in § 11-48-5 is also null and void. Streater v. Town of Town Creek, 234 Ala. 132, 173 So. 853 (1937); see Ander *552 son v. City of Vestavia Hills, 272 Ala. 128, 130 So.2d 341 (1961).
As noted previously in this opinion, some evidence was produced upon the trial of this cause tending to show that the town’s engineer prepared a list containing the name of each landowner whose land was improved by the installation of a portion of appellee’s sewer system on his property, a description of each piece of land, and the fractional cost of the improvement to be assessed against each piece of property and that this list was entered into an assessment book for local improvements, which was subsequently turned over to appellee’s town council. Furthermore, Mr. Weaver never attempted to personally inspect this book and was never denied the opportunity to examine it or discovered that it was not available for public inspection between the time of its purported publication and the date of appellee’s hearing referred to in the § 11-48-22 notice. Thus, we cannot say that appellee failed to comply with §§ 11-48-20 to -22 of the Code in assessing appellant’s properties for the cost of constructing parts of its sewer system thereon. However, no evidence was adduced at trial tending to show that the Cherokee town council ever adopted an order or resolution determining the amount to be finally assessed against each landowner for the cost of installing a portion of the sewer system on his property. It follows that appellee’s sewer assessments against appellant’s tracts of land are null and void.
Appellee earnestly contends that this defect in its proceedings to assess appellant’s properties for the cost of constructing sanitary sewers thereon is merely a technical defect which was cured by its pretrial request to the court, pursuant to § 11-48-42 of the Code, that the court should enter a judgment against appellant for the amount properly chargeable against his properties in the event that appellee adduced sufficient evidence to convince it that the town had incurred expenses in installing a portion of the sewer system on appellant’s properties but had improperly assessed the cost of constructing same against appellant. We cannot agree. Technical defects or irregularities which may be remedied by a circuit court under this section of the Code are as follows: (1) objections in the form of written protests filed by owners of property sought to be assessed for the cost of constructing a public improvement thereon under § 11-48-26, Nashville, Chattanooga & St. Louis Ry. v. Town of Boaz, supra; (2) irregularities in the notice provisions of §§ 11 — 48-6, -7, id.; (3) mistakes or errors in the names of property owners listed on the city’s or town’s assessment rolls under § 11 — 48-21, Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325 (1925); (4) corrections in the assessment rolls made by the city or town council or an official thereof in the amounts to be charged against certain parcels of property for the cost of constructing a public improvement thereon, Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448 (1929); Jones v. City of Huntsville, 47 Ala.App. 595, 259 So.2d 277 (1971). Conversely, jurisdictional defects in the statutory procedures which must be followed by a city or town council in assessing the owners of private property for the costs of constructing a portion of a public improvement thereon pursuant to §§ 11 — 48-5 to -29 cannot be corrected by the circuit court in accordance with § 11-48-42. Jurisdictional defects include: (1) the failure of a city or town council to adopt an improvement ordinance which substantially complies with the provisions of § 11-48-5, Nashville, Chattanooga & St. Louis Ry. v. Town of Boaz, supra; (2) the absence of any evidence that the town or city council or its officials have complied with.all of the provisions of §§ 11-48-20, -21, id.; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210 (1930); and have substantially complied with the provisions of § 11 — 48-22, Jasper Land Co. v. City of Jasper, supra; (3) the failure of the town or city council to pass an ordinance or resolution pursuant to § 11 — 48-29 fixing the amount to be assessed against each piece of property included in the assessment roll, Streater v. Town of Town Creek, supra. The first and second jurisdictional defects, however, may be cured by recitals in the *553 final assessment ordinance or resolution of § 11-48-29 that the city or town council enacted a § 11 — 48-5 initial improvement ordinance and that the mayor or someone under his direction prepared an assessment roll containing the námes of the property owners whose properties would be assessed for the cost of constructing the public improvement, a description of their properties, and the amounts to be charged against same, and delivered the roll to the city or town clerk, who thereafter published the notice referred to in § 11-48-22. Grayson v. Schwab, 235 Ala. 398, 179 So. 377 (1938). After applying these settled legal principles to the facts of this case, we cannot say that the defect in appellee’s sewer assessment procedures previously detailed in this opinion was simply technical in nature. Hence, the circuit court could not properly enter a judgment, in accordance with the jury’s verdict, in favor of appellee according to § 11 — 48—42. We note in passing, however, that upon remand of this cause to the circuit court appellee may introduce additional evidence, if it has any, tending to show that this jurisdictional defect in its assessment proceedings does not, in fact, exist. See generally Chenault v. City of Russellville, 233 Ala. 60, 169 So. 706 (1936).
The circuit court did not err in refusing to grant appellant a judgment notwithstanding the verdict on the ground that appellee had failed to comply with § 11-48-29 in assessing appellant’s properties for the cost of installing portions of its sewer system upon his properties for the simple reason that appellant did not move for a directed verdict in his favor at the close of appellee’s evidence upon this same ground. See Housing Authority of City of Prichard v. Malloy, Ala., 341 So.2d 708 (1977); ARCP 50(b); see generally Sulmeyer v. Coca Cola Co., 515 F.2d 835 (5th Cir. 1975), cert. denied, 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed.2d 341 (1976). Nevertheless, for the error previously noted, we believe that the circuit court erred in declining to grant appellant a new trial upon said ground. See generally Hill v. Cherry, Ala., 379 So.2d 590 (1980).
The judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.