This case arose from an attempt by the Town of Cherokee (appellant) to assess Will R. Weaver (appellee) for his proportionate share of the cost of constructing a sewer system.
This is the second time this attempted assessment has led to an appeal to this court. In Weaver v. Town of Cherokee,397 So.2d 548 (Ala.Civ.App. 1981), this court remanded the case to the trial court for a new trial due to Cherokee's failure to comply with section 11-48-29, Code of Alabama *Page 100 
1975. On remand the trial court held that the assessment against Weaver was void. Cherokee appeals from this ruling. For the reasons stated below, we affirm the trial court.
The record reveals the following: In 1971, Cherokee enacted a local improvement ordinance providing for the construction of a sanitary sewer system within the town. Construction of the sewer system began in 1974. After the system was completed an assessment roll was prepared. The assessment roll contained the name of each property owner whose property was improved by the system, a description of the property and the fractional cost of the improvement to be assessed against each parcel of property. Weaver filed a written protest objecting to the amount of the assessment against his property. After considering the objection, the town commission met on August 2, 1977 and overruled the objection.
Weaver then appealed the commission's action to the circuit court pursuant to section 11-48-36, Code of Alabama 1975. At the circuit court Weaver alleged, among other things, that the commission had failed to comply with section 11-48-29 which requires that the town governing body adopt an order or resolution determining the amount to be assessed against each landowner. The circuit court, however, rejected this contention and submitted the case to the jury which returned a verdict for Cherokee.
Weaver then filed a motion for a judgment notwithstanding the verdict or in the alternative for a new trial. In support of this motion Weaver again alleged that the commission had failed to comply with section 11-48-29. The trial court, however, denied Weaver's motion and Weaver instituted the first appeal to this court.
In Weaver v. Town of Cherokee, supra, this court reversed the trial court and remanded the case to the trial court for a new trial. The basis for reversal was the commission's failure to adopt an order or resolution determining the amount to be finally assessed against each landowner as required by section11-48-29. In remanding the case to the trial court this court stated that Cherokee could introduce "additional evidence, if it has any, tending to show that this jurisdictional defect in its assessment proceedings does not, in fact, exist." 397 So.2d at 553.
After remand, Cherokee made a motion in the trial court to show that the jurisdictional defect in its proceedings did not exist. In support of this motion Cherokee filed with the trial court its assessment rolls and an amendment to the minutes of the August 2, 1977 commission meeting. The amendment, which was formulated at the April 21, 1981 commission meeting, stated generally that it was the intention of the town commission at its meeting of August 2, 1977 to approve the assessments as set out in the assessment rolls. The amendment further stated that none of the affected property owners, including Mr. Weaver, had ever failed to understand that the commission had approved the assessments as set out in the assessment rolls.
On remand, the trial court considered the amended minutes and assessment rolls along with briefs by both parties and the opinion of this court in Weaver v. Town of Cherokee, supra, and concluded that Cherokee's failure to comply with section11-48-29 was a jurisdictional defect which rendered the whole proceeding void as against Will R. Weaver. The trial court also held that Cherokee could not amend its minutes with respect to Will R. Weaver to show that the jurisdictional defect did not exist and, furthermore, with respect to Mr. Weaver, Cherokee must "begin anew and retrace its steps."
Cherokee, through able counsel, appeals from the above ruling by the trial court. Cherokee contends the trial court erred to reversal in three instances.
Initially, Cherokee contends that the trial court erred in holding that Cherokee could not amend its minutes with respect to Weaver. Cherokee next contends that the assessment rolls constitute substantial compliance with section 11-48-29 and the trial court committed reversible error by not so holding since the assessment rolls were in *Page 101 
evidence before it. Finally, Cherokee contends that the trial court erred in holding that, with respect to Weaver, Cherokee must "begin anew and retrace its steps."
As stated earlier, this court finds no merit in any of these contentions.
In support of its first contention Cherokee cites several opinions by our supreme court which hold that the governing body of a city may, when error has been committed, amend its minutes to make them speak the truth. Estes v. City of Gadsden,266 Ala. 166, 94 So.2d 744 (1957); City of Guntersville v.Walls, 252 Ala. 66, 39 So.2d 567 (1949); Streater v. Town ofTown Creek, 234 Ala. 132, 173 So. 853 (1937); Penton v.Brown-Crummer Investment Co., 222 Ala. 155, 131 So. 14 (1930). The amendment in the instant case, however, is not an amendment as contemplated in the above cited cases. Those cases contemplate an amendment which corrects the original minutes by setting forth what was actually said and done at the previous meeting. The amendment before us in this case does not set forth what actually happened at the August 2, 1977 meeting. At best the amendment is a mere recital of what the commission intended to do at the meeting. This amendment reveals only that on April 21, 1981 Cherokee went through a formality attempting to do then what it had not done on August 2, 1977. See Estes v.City of Gadsden, supra.
From the foregoing it is apparent that Cherokee was unable to introduce any additional evidence to show that the minutes of the August 2, 1977 meeting did not contain a complete and accurate account of all that was said and done at the meeting. Minutes that are complete and accurate cannot be amended and the trial court properly so held.
Cherokee apparently contends, relying upon this court's statement in Weaver v. Town of Cherokee, supra, that Cherokee could introduce additional evidence; that this court sanctioned Cherokee's after-the-fact attempt to cure the jurisdictional defect. Suffice it to say that such was not the intention of this court. Such an interpretation would in effect nullify the procedure set out in the Municipal Public Improvement Acts for fixing the amount of assessments.
Cherokee's second contention regarding substantial compliance with section 11-48-29 is also without merit. As this court stated in Weaver v. Town of Cherokee, supra, section 11-48-29
is jurisdictional. Where there is no assessment by the town governing body as required by section 11-48-29, the attempted assessment is incomplete and ineffectual. Anderson v. City ofVestavia Hills, 272 Ala. 128, 130 So.2d 341 (1961); Streater v.Town of Town Creek, supra. Section 11-48-29 requires that the municipal governing body, by resolution or order, fix the amount of the assessment against each lot or tract of land in the assessment rolls. Introducing the assessment rolls into evidence in the trial court does not constitute a resolution or order fixing the amount of the assessment. Section 11-48-29 was not complied with. Consequently, as the trial court properly held, the whole proceeding was void as against Weaver.Anderson, supra; Streater, supra.
Cherokee's final contention is also without merit, but only because Cherokee misunderstands the trial court's order. InPierce v. City of Huntsville, 185 Ala. 490, 64 So. 301 (1913), our supreme court held that where irregularity had occurred in an assessment proceeding, the rehabilitation process need go back no further than the specific error. Pierce is the case cited by the trial court as authority for its order directing Cherokee to "begin anew and retrace its steps." In light ofPierce, it is apparent that the trial court intended that Cherokee "begin anew and retrace its steps" only to the point in the assessment procedure where the error was committed. The trial court committed no error in so holding.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 102