BRADLEY, Judge.
This is the third time this attempted assessment has led to an appeal to this court. In Weaver v. Town of Cherokee, 397 So.2d 548 (Ala.Civ.App.1981), we held that the Town of Cherokee had failed to adopt a resolution or order authorizing the imposition of an assessment on property owners for the construction of a sanitary sewer project.
On remand the trial court held that the assessment against Weaver was void. Cherokee appealed this ruling and in Town of Cherokee v. Weaver, 414 So.2d 99 (Ala.Civ.App.1982), this court affirmed the trial court’s conclusion. We held that Cherokee’s failure to comply with section 11-48-29 was a jurisdictional defect, and that Cherokee would be required to retrace its steps only to the point in the assessment procedure where the defect occurred.
On remand from the second appeal, Cherokee proceeded by order or resolution to fix the amount of the assessment against Weaver’s property. Weaver’s written objections were overruled and he appealed to the Circuit Court of Colbert County.
Cherokee filed a motion to dismiss and/or a motion for summary judgment on the ground that the defect in the assessment procedure had been corrected and that the assessment should now be paid by Weaver. The trial court granted summary judgment to Cherokee and fixed the improvement assessments on Weaver’s prop *179 erty in the amounts of $4,000 and $5,118.44 respectively. These assessments were the same as fixed by the jury in the first trial of this matter. See 397 So.2d 548 (Ala.Civ.App.1981). Weaver’s motion for new trial was denied and he appeals.
Weaver argues that the trial court erred in allowing Cherokee to correct the section 11-48-29 defect because, once the final assessment is made by the municipal authority and an appeal therefrom is decided by the circuit court, the municipality has no jurisdiction to take corrective action. We disagree.
We held in the second appeal, i.e. 414 So.2d 99, that an assessment not made in compliance with section 11-48-29 is incomplete, ineffective, and void as to Weaver. We further held that Cherokee could correct such defect and had to go back in the assessment procedure only to the point where the error was committed.
Cherokee entered an assessment as required by section 11-48-29, Code 1975, and the trial court concluded that all of the procedural requirements for imposing an improvement assessment had been satisfied and nothing further remained to be done. Hence summary judgment was entered.
We agree with the trial court’s finding that Cherokee has now satisfied all of the procedural requirements for the imposition of an improvement assessment and nothing further remains to be done.
It must be remembered that in the first case Cherokee was found to have complied with all of the improvement assessment requirements except one, i.e. the section 11-48-29 requirement. Moreover, the issue of the amount of the assessment was tried to a jury and a verdict rendered.
Since Cherokee has now satisfied all of the requirements of an improvement assessment as set out in the Municipal Public Improvement Acts, the trial court properly entered judgment for Cherokee.
This conclusion is not altered by the failure of the trial court to grant a new trial to ascertain the amount of the assessment.
In the case of Forrester v. Putman, 409 So.2d 773 (Ala.1981), the supreme court held that a testatrix’s son who had challenged her 1977 will on the grounds of mental capacity and undue influence, which issues had been previously exhaustively tried and ably decided, was estopped from raising them again should the 1977 will be admitted for probate. By analogy to the case sub judice, Weaver, who had a jury trial on the issue of the amount of the assessment, is estopped from receiving a second trial on this aspect of the case.
There appearing no reversible error in the proceedings, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.